J. H. TUCKER v. THE INTER-STATES LIFE ASSOCIATION.

*Petition for Removal to Federal Court—Practice—Judgment for Want of Answer—Appeal.*

1. Where it appears upon the face of a petition to remove a cause pending in a State Court to the Federal Court that the former had exclusive original jurisdiction, it is the right and the duty of the State Court to insist upon its exclusive authority and to retain jurisdiction.

2. Failure to enter exception to a judgment within ten days from the expiration of the term of the Court forfeits the right of appeal.

3. A motion for judgment for want of an answer was properly allowed when the complaint was duly verified and what purported to be the verification of the answer was attested only by a person signing his name with the letters "N. P." added thereto, but without an official seal.

CIVIL ACTION brought to recover the sum of $1,000, due by virtue of the contract contained in a policy of insurance, and heard at December Term, 1892, of the Superior Court of BUNCOMBE County, before *Bynum, J.*

The reference in the opinion of Associate Justice AVERY to the facts is sufficient for an understanding of the decision of the Court.

*Messrs. Cobb & Merrimon* and *R. O. Burton,* for plaintiff. No counsel *contra.*

AVERY, J.: If it were conceded that the petition for removal to the Circuit Court of the United States on the ground of local influence and prejudice was duly verified, or if the plaintiff had admitted that such a petition had been filed in the Federal Court and an order of removal had been made there (though, in fact, it was not pretended that such action had been taken), it would still have been the right and the duty of the State Court to insist upon its exclusive authority and to retain jurisdiction, because the sum demanded, under the policy, is the matter in dispute, and is less than two thousand dollars. *In re Pennsylvania Co.,* 137 U. S., 451; *Lawson* v. *Railroad,* decided at this term.

If the *nisi prius* Courts of the States were bound to desist from further proceedings upon the filing of a petition in such courts for removal, or of the record of a petition previously filed and the order made by a Federal Court, when, upon the face of the petition, in either case, it appeared that the State Court had exclusive original jurisdiction, then the right of litigants in the State tribunals to speedy trial (Const., Art. I, sec. 18) must be enjoyed subject to voluntary forbearance of the Federal Courts to overstep the limits of their rightful jurisdiction.

The just and well-settled rule is that where a valid order of removal is made, the jurisdiction of the State Court ceases *ipso facto,* and any subsequent orders or proceedings therein are void; but where the Federal tribunal orders the record to be sent up in a case of which it is manifest the State Courts have exclusive jurisdiction, though the record may be transmitted in obedience to the order, the subsequent proceedings of the Federal Court in assertion of

its authority to determine the controversy are equally null and void. *Lawson* v. *Railroad, supra.*

After entering an appearance and filing an answer at the end of sixty days, allowed on his own motion, counsel was not present when the case was called for trial, nor was any exception entered to the judgment of the Court within ten days after the end of the term. The right of appeal, therefore, has been lost by laches; but if that were not so there was no error in granting the motion for judgment for want of an answer when the complaint was duly verified, while what purported to be the verification of the answer was attested only by a person signing his name with the letters "N. P." beside the signature, but without an official seal.

There is no error, and the judment must be

Affirmed.