## THOMPSON v. SOUTHERN RAILWAY COMPANY.

(Filed April 1, 1902.)

REMOVAL OF CAUSES—*Foreign Corporations—Petition for Removal—Sufficiency—Federal Courts.*

> A petition for removal of an action to the federal court must specifically allege that the petitioner is a non-resident of the State, and it is not sufficient to allege that petitioner is a corporation originally created under the laws of another state.

ACTION by Della D. Thompson, administratrix, against the Southern Railway Company, heard by Judge *O. H. Allen,* at September Term, 1901, of the Superior Court of PENDER County. From an order refusing to remove the cause to the Circuit Court of the United States, the defendant appealed.

*R. G. Grady* and *Bellamy & Bellamy,* for the plaintiff.
*F. H. Busbee* and *A. B. Andrews, Jr.,* for the defendant.

DOUGLAS, J.   The sole question presented to us is the right of the defendant to remove this cause into the Circuit Court of the United States upon the complaint and petition as they appear in the record.

The plaintiff in her complaint specifically alleges that the defendant is "a corporation duly created and existing under the laws of the State of North Carolina."

The part of the petition upon which the case depends is as follows:

"Your petitioner further states that in the said above-mentioned civil action, there is a controversy which is wholly between citizens of different States, and which can be fully determined as between them, to-wit, a controversy between your said petitioner, which was at the commencement of this action, and still is, a citizen of the State of Virginia, to-wit, a corporation *originally* created by and organized under the laws of said State, and the said Della Thompson, administratrix of Major D. Thompson, deceased, who the said Della, your petitioner avers, was, at the commencement of this action, and still is, a citizen of the State of North Carolina and of the Eastern District thereof."   *   *   *

The Court below refused to remove, and in such refusal we see no error.   The petition is fatally defective inasmuch as it does not allege specifically that the defendant is a *non-resident* of the State of North Carolina.

The removal of causes is governed by the Act of March 3, 1875, amended by the Act of March 3, 1887, as corrected by the Act of August 13, 1888.   Section 2 thereof provides that, "Any other suit of a civil nature, at law or in equity (that is to say, any suit other than one arising under the Constitution or laws or treaties of the United States), of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are now pending or may hereafter be brought in any State Court, may be removed into the

Circuit Court of the United States for the proper district by the defendant or defendants therein being non-residents of that State."

In construing this statute we must bear in mind that the admitted purpose of the Acts of 1887 and 1888 was to *contract* the jurisdiction of the Circuit Courts of the United States, both as to the original causes and those brought therein by removal. *Ex parte Shaw,* 145 U. S., 444, 449 ; *Hanrick v. Hanrick,* 153 U. S., 192, 197 ; *Fisk v. Henarie,* 142 U. S., 459, 467 ; *Railway v. Brow,* 164 U. S., 277 ; *Camprelle v. Balbach,* 46 Fed. Rep., 81.

In referring to these acts the Court says, in *Tennessee v. Bank,* 152 U. S., 456, 462 : "The change is in accordance with the general policy of these acts, manifest upon their face, and often recognized by this Court, to contract the jurisdiction of the Circuit Courts of the United States."

Another principle equally well settled is that every inference or presumption is against the jurisdiction of the Federal Courts, and that as the right of removal is purely statutory, the provisions of the statute must be strictly followed in every essential particular.    Every jurisdictional fact must be stated clearly and *affirmatively,* and if not so stated, will be presumed not to exist.    *Turner v. Bank,* 4 Dall., 8 ; *Ex Parte Smith,* 94 U. S., 455 ; *Robertson v. Cease,* 97 U. S., 646 ; *Insurance Co. v. Rhoads,* 119 U. S., 237 ; *Railway Co. v. Swan,* 111 U. S., 379, 388 ; *Neal v. Pennsylvania Co.,* 157 U. S., 153.    In *Grace v. Insurance Co.,* 109 U. S., 278, 283, the Court says : "As the jurisdiction of the Circuit Court is limited in the sense that it has no other jurisdiction than that conferred by the Constitution and laws of the United States, the presumption is that a cause is without its jurisdiction unless the contrary affirmatively appears."

In *Fife v. Whittell,* 102 Fed. R., 537, 539, the Court says : "It is also an established rule that parties seeking to remove

causes to the United States Circuit Court are bound to comply strictly with every provision required by the act. One of the provisions of the removal act is that, where a cause of action between citizens of different States pending in the State Court involves an amount within the jurisdiction of the United States Circuit Court, it may be removed to that Court by the defendant or defendants therein 'being non-residents of the State.' This restriction to the right of removal based upon the residence of the defendants, is clearly jurisdictional, and if it does not appear in the record in the State Court, it must be clearly shown in the petition for removal as a right which the defendant has and claims, or it will be presumed not to exist. The fact that it may be inferred argumentatively from any averment in the petition as to other facts is not sufficient." This is a well-considered opinion sustained by ample citation of authority.

In *Overman Wheel Co. v. Pope Mfg. Co.,* 46 Fed. Rep., 577, 579, the Court says: "There is one method by which the defendant could have become a citizen and a resident of Connecticut, as well as of Maine, which is by having been incorporated in Connecticut. In this point of view, an averment of the non-existence of the corporation within this State at the time of the filing of the petition to remove would have been good pleading, for it might be also a corporation and therefore a resident of Connecticut at the same time." The clearest and most succinct statement of the rule we have been able to find is by Mr. Justice Miller, sitting in the Circuit Court in *Hirschl v. Machine Co.,* 42 Fed. Rep., 803. The following is the entire opinion of that great jurist: "A corporation is a citizen of the State under whose laws it is organized. For the purpose of suing and being sued, it may become a resident of each State in which it does business under State law. The rule of the Removal Act of August 13, 1888, as to natural persons, is applicable to corporations. When a

corporation of one State is sued in the Courts of another State, a petition for removal by it is not sufficient unless it alleges, in addition to the usual averments as to citizenship, that it is a non-resident of the State in which it is sued. The motion to remand is sustained."

It is true the contrary is held in *Myers v. Murray,* 43 Fed. Rep., 695; 11 L. R. A., 216, and *Shaltuck v. Insurance Co.,* 58 Fed. Rep., 609, but we can not approve of these cases, as we are equally unable to adopt their reasoning or to see the fitness of their citations. Almost any theory can be constructed by taking from the Reports, even of the Supreme Court, disjointed sentences without reference to the facts to which they are intended to apply. For instance, that Court says, in *Ex Parte Schollenberger,* 96 U. S., 377, that, "A corporation can not change its residence or its citizenship," but it also says, in *Muller v. Dows,* 94 U. S., 444, that, "A corporation itself can be a citizen of no State, in the sense in which the word is used in the Constitution of the United States." If the latter extract is to be taken literally, then no corporation could ever remove a cause into the Circuit Court, because that right is given by the Constitution and Laws of the United States exclusively to *citizens.* For purposes of jurisdiction a conclusive presumption has been created by judicial construction "that all the stockholders are citizens of the State, which, by its laws, created the corporation." This presumption, adopted at the time when business conditions were essentially different, is now at least questionable in theory and generally false in fact. Even ordinary business is being rapidly absorbed by so-called foreign corporations which have no legal existence outside of the State creating them, and no actual existence therein. It is said that one or two States derive a large part of their revenues by chartering corporations for the sole purpose of doing business outside the State. This purpose may not be expressed in words, but is none the less

clearly understood. So great had become the abuse that the State of North Carolina passed an act (Laws 1899, Chap. 62) withdrawing all comity as to certain classes of corporations. That act was fully sustained by us in *Debnam v. Tel. Co.,* 126 N. C., 831, wherein this Court used the following language: "Construing the Act of February 10, 1899, now under consideration, as a North Carolina statute, it is clear to us that the legislative intent was, not to grant a mere license under which foreign corporations might do business in this State, but to require all such corporations to become domestic corporations either by reincorporation or adoption. Whatever the process may be called, the intent of the act, as well as its legal effect, was to make all corporations complying with its conditions domestic corporations of the State of North Carolina. *Its effect was to charter and not to license."* This case has been repeatedly cited and approved, and is the settled opinion of this Court. Under its authority it was held, in *Mowery v. Railroad Co.,* 129 N. C., 351, that the Southern Railway Company, the defendant there as well as in the case at bar, had, by complying with the provisions of the Act of February 10, 1899, become a domestic corporation, and, when sued as such, could not remove its cause into the Circuit Court of the United States.

Recurring to the complaint and petition, it appears that the plaintiff expressly sues the North Carolina corporation. Admitting the truth of the allegation in the petition that the defendant is "a citizen of the State of Virginia, to-wit, a corporation *originally* created by and organized under the laws of said State," it is entirely consistent with the fact of its having *subsequently* become a domestic corporation of this State by voluntarily complying with the provisions of the statute. By reincorporation it has become a resident of this State, and hence, in the absence of a specific denial of this fact, can not remove its cause into the Circuit Court. The reason for its

absence is entirely clear to us, as we can not ignore the fact, so repeatedly brought to our attention, that such a denial would not have been true in fact, and that, if true, the defendant would be liable to heavy penalties for doing business in this State contrary to law.

A careful consideration of the decisions of the Supreme Court of the United States, as well as the cases cited above, have led us to the conclusion that, while a corporation is in contemplation of law a citizen and resident of the State which created it, and can not change its residence simply by doing business in another State, it can acquire a new residence by any act of domestication or adoption which, in law, amounts to reincorporation. Such, we hold, is the legal effect of the defendant's having complied with the provisions of the Act of February 10, 1899. This seems to us the logical result of the practical consensus of authority. Black's Dillon Rem. of Causes, Secs. 100, 101, 178; *Debnam v. Tel. Co., supra,* and cases therein cited.

The sole question before us is that of removal, and has no reference to the intrinsic merits of the cause of action. The judgment is

Affirmed.