## BEACH v. SOUTHERN RAILWAY COMPANY.

(Filed December 2, 1902.)

REMOVAL OF CAUSES—*Local Prejudice—Foreign Corporations—*
*Domestication—Acts 1899, Chap. 62.*

> Where a foreign corporation domesticates under Acts 1899, Chap.
> 62, it becomes a corporation resident here and can not re-
> move an action to the federal courts on the ground of local
> prejudice.

ACTION by Mary L. Beach, administrator of W. E. Beach, against the Southern Railway Company, heard by Judge *W. A. Hoke,* at August Term, 1902, of the Superior Court of BURKE County. From a judgment for the plaintiff, the defendant appealed.

*J. F. Spainhour,* and *M. Silver,* for the plaintiff.
*Chas. Price, Geo. F. Bason,* and *S. J. Ervin,* for the defendant.

CLARK, J. When this case was called for trial, the defendant, the Southern Railway Company, moved for an order to proceed no further with the cause, for the reason that it had been removed to the Circuit Court of the United States on the ground of local prejudice, presenting copies of the petition, affidavit, bond and order of removal from said Circuit Court. The presiding Judge being of the opinion that the defendant, originally a foreign corporation, but since "domesticated" in this State under Laws 1899, Chap. 62, could not remove an action to the Federal Court on account of local prejudice, *Allison v. R. Co.,* 129 N. C., 336, refused to stay action, and proceeded with the trial. The defendant excepted.

In such case, it is optional with the State Court to proceed with the trial. *Stone v. S. C.,* 117 U. S., 430, cited *Crehore v. Ohio,* 131 U. S., 243; *Howard v. R. Co.,* 122 N. C., 953-

954. A case on "all fours" is *Lawson v. So. R. Co.*, 112 N. C., 390, also *Bierbower v. Miller,* 30 Neb., 161, 9 L. R. A., 228. The trial having proceeded to verdict and judgment, which went against the defendant, it appealed to this Court, assigning four grounds of exception, but the other three are without merit, and were abandoned in this Court.

A foreign corporation which has voluntarily accepted the terms prescribed by the statute of this State under which it may do business here, and has "domesticated" as provided in said statute, has become a domestic corporation as therein provided, and can not remove an action against it to the Federal Court. This has been fully considered, after elaborate argument by counsel for this defendant, and was so held in *Allison v. So. R. Co.,* 129 N. C., 336; and also in *Debnam v. Tel. Co.,* 126 N. C., 831 (in which case the statute is copied), and *Layden v. K. P.,* 128 N. C., 546, the reasoning of which cases we adopt and make a part of this opinion.

We do not understand the defendant's counsel to deny that, as a matter of fact, the defendant, the Southern Railway Company, has "domesticated" by filing its charter and acceptance in the office of the Secretary of State, as required by Laws 1899, Chap. 62, admission of which fact has been made in this Court (*Harden v. Railroad,* 129 N. C., at page 359; 55 L. R. A., 784), in so many cases, and is a matter as universally known as that it is a corporation. Indeed, in this present case, the defendant's counsel submitted that "this case should take the course pursued in *Allison v. So. R. Co.,* 129 N. C., 336," in which the legal effect of such domestication was presented and decided, and we are fixed with judicial notice that the effect of "domestication" by this defendant was proved or admitted, and its legal effect decided in that case. *Knight v. Land Asso.,* 142 U. S., 161. The decision in Allison's case that this defendant, the Southern Railway Company, is a domestic corporation, is *res judicata* of which the Court below had judicial notice.

The answer alleges that the defendant was "a corporation duly created and organized under the laws of the State of Virginia, and is and was at the time mentioned, a citizen of the said State of Virginia," but without averring affirmatively that it was "not a corporation or citizen of this State," and such allegation has been held insufficient in *Thompson v. So. R. Co.,* 130 N. C., 140, and *Springs v. So. R. Co.,* 130 N. C., 186, whose reasoning we adopt as a part of this decision.

It is true that in the petition in the U. S. Circuit Court, a copy of which is filed in this case, it is averred that the defendant "is, and was at the commencement of this suit, a nonresident of the State of North Carolina, * * * and is not a citizen of North Carolina." This Court having decided otherwise on the facts admitted by this defendant, in former cases, we do not understand that this is a denial of the fact so often admitted by the defendant's counsel in this Court, and so well known as to be common knowledge, that the defendant has "domesticated" in the manner required by chapter 62, Laws 1899. We understand this to be merely a denial that the legal effect of such "domestication" has been to make the defendant a corporation of this State, a resident or citizen thereof, and that it is neither more nor less than an affidavit by this defendant that the decision of this Court on that point is not law, and that the object of this appeal is to have the repeated rulings of this Court that "domestication" has that effect, reviewed on writ of error. If such averment in the petition of a legal conclusion is decisive, then the counsel and not the Court would determine the right to remove. *Tucker v. Life Asso.,* 112 N. C., 796; *In re Pa. Co.,* 137 U. S., 451.

On careful reconsideration of those opinions, some of which are above cited, we are constrained to reaffirm them, and to hold that the defendant having complied with the terms required before it was allowed to do business here, and having become "domesticated" in the manner enacted by the

statutes of this State, has become a corporation resident here, and that in holding that this cause could not be removed to the U. S. Circuit Court on the allegation of local prejudice, the Court below committed

No Error.