NORRIS v. LAKE DRUMMOND CANAL & WATER CO.

(Filed March 17, 1903.)

PLEADINGS—*Corporations—Complaint—Answer.*

    Where plaintiff alleged that defendant was a corporation, duly incorporated, and defendant alleged that such allegation was untrue, and that the defendant was also incorporated under the laws of this State, but failed to plead any statute of incorporation, its allegation was insufficient to raise the issue of its corporate capacity.

ACTION by G. W. Norris against the Lake Drummond Canal & Water Company, heard by Judge *M. H. Justice* and a jury, at December (Special) Term, 1902, of the Superior Court of CAMDEN County. From a judgment for the plaintiff, the defendant appealed.

    *E. F. Aydlett,* and *Williams & Leigh,* for the plaintiff.
    *Pruden & Pruden* and *Shepherd & Shepherd,* for the defendant.

DOUGLAS, J. This case is identical in principle with that of *Williams v. Canal Co.,* 130 N. C., 746, and grows out of the same state of facts. In fact it is a mere supplement to that case, as therein the owners of the land recovered for the permanent damage to the land and their part of the crops destroyed; while in the case at bar the lessee has recovered for the damages resulting to the lease held and his share of the crops. This, his Honor seems to have adjusted on the

trial, and the exception thereto was not insisted upon in the hearing before us.

The only exceptions apparently relied upon by the defendant are those discussed by us in *Pinnix v. Canal Co.,* at this term, with which this case was argued.

In the case at bar, the plaintiff alleges in paragraph 7 of the complaint "That the defendant is a corporation duly incorporated, as plaintiff is informed and believes." To this allegation the defendant answers in paragraph 7 as follows: "That section 7 of the complaint is untrue, but defendant is also incorporated under the laws of North Carolina." We presume the word "untrue" is a misprint, and that the defendant intended to allege that it was incorporated under the laws both of Virginia and of North Carolina; but as it has pleaded neither statute of incorporation, we do not see how it can affect the case.

Upon the principles decided in *Mullen v. Canal Co.,* 130 N. C., 496, and *Pinnix v. Canal Co.,* at this term, the judgment of the court below is

Affirmed.