W. B. HIGSON and Wife v. NORTH RIVER INSURANCE COMPANY.

(Filed 21 September, 1910.)

1. **Removal of Causes — Diverse Citizenship—Jurisdiction—Procedure.**

    The petition and bond to remove a cause from the State to the Federal court on the ground of diversity of citizenship must be presented in the former court before the judge in term, when the answer is due, and failure of plaintiff to move for judgment by default does not extend the time therefor.

2. **Same—Order of Federal Court.**

    A copy of a petition and bond for removal of a cause from the State to the Federal court on the ground of diversity of citizenship, addressed to the Federal judge, and originally filed in the Circuit Court of the United States, together with a copy of his order for the removal of the cause, which was filed with the clerk of the State Superior Court, is not a compliance with the Removal Act and does not operate to remove the cause from the State court.

3. **Same—Record.**

    The right of removal of a cause from the State to the Federal court for diverse citizenship is purely statutory, and before the jurisdiction of the State court can be disturbed, it must appear affirmatively that a proper petition and bond has been in due form and time presented to the State court; and an order of the

Federal judge merely filed with the clerk of the State court re-moving the cause upon petition and bond filed in the Federal court is ineffectual.

4. Removal of Causes—Jurisdiction—Acquiescence.

Appearing in the Circuit Court of the United States before the judge and moving to remand a cause ordered removed by him on the ground of diverse citizenship is not a recognition of the juris-diction and power of that court to make the order.

5. Removal of Causes — State Court — Pleadings—Judgments—Default and Inquiry.

A judgment by default and inquiry for the want of an answer will not be disturbed on appeal, for the reason that defendant had not filed his answer relying upon an ineffectual order of the Federal court that the cause be removed for diverse citizenship.

6. Process — Original Destroyed — Copy — Removal of Causes — Admissions.

The defense to a judgment by default and inquiry that the original summons had been destroyed by fire and no copy substituted, is not available when the defendant admitted in his petition to remove the cause for diverse citizenship, filed and moved on too late in the State court, that it had been made a party defendant to the action.

APPEAL by defendant from *Peebles, J.,* at May Term, 1910, of PITT.

Civil action pending in the Superior Court of Pitt County and heard upon motion for judgment by default and inquiry. No answer has been filed, but on the 23d of April, 1910, defendant filed a petition and bond for removal to the Circuit Court of the United States, which at the hearing before Judge Peebles was urged in bar of the judgment by default. Upon the hearing his Honor rendered the following judgment: This cause coming on to be heard before Honorable R. B. Peebles, Judge presiding at the May Term of Pitt County Superior Court, 1910, upon the motion of attorneys for plaintiff for judgment by default and inquiry for want of an answer on the part of defendant, and the same having been argued fully by Messrs. Skinner & Whedbee, attorneys for plaintiff, and it appearing to the court that summons in this action issued 11 September, 1909, and served 14 September, 1909, and that thereafter complaint was filed 9 December, 1909, and that since the issuance of the sum-

HIGSON *v.* INSURANCE COMPANY.

mons in this cause there have been civil terms of Pitt County
Superior Court as follows, to-wit: 13 December, 1909; 24 Jan-
uary, 1910; 21 March, 1910, and 2 May, 1910, and that no
answer has been filed to the complaint filed in this cause, and
at none of the terms of said court, nor at any other time has the
defendant in the above-entitled cause made any motion or ob-
tained any leave of record to file answer, and that the defendant,
up to the 23d day of April, 1910, never filed any bond or made
any motion for the removal of this cause from this court. The
2 May term only held for one day, and the petition was not
called to the attention of the court, and the judge announced
that he would remain as long as there was anything he could do:
It is therefore ordered, adjudged and decreed by the court that
the plaintiff W. B. Higson is entitled to recover of the ·defend-
ant in this action on account of the matters and things alleged
in the complaint; and it is further ordered that a jury come at
a subsequent term of this court to assess the amount of the dam-
ages that the plaintiff is entitled to recover of the defendant
company by reason of the matters and things alleged in the
complaint.

And this cause is retained for further orders.

R. B. PEEBLES, *Judge Presiding.*

From the judgment rendered the defendant appealed.

*Harry Skinner* for plaintiff.
*Moore & Long, Tillett & Guthrie* for defendant.

BROWN, J., after stating the case. It appears to be settled
by both the Federal and State courts in numerous decisions
based upon petitions to remove causes pending in State courts
upon the ground of diverse citizenship, that the jurisdiction of
a State court over a removable case terminates upon the timely
filing therein of a proper petition and bond for its removal to
a circuit of the United States. *Natl. S. S. Co. v. Tugman,* 106
U. S., 118; *Stone v. State of South Carolina,* 117 U. S., 430;
*Winslow v. Collins,* 110 N. C., 121.

It is equally well settled that the State court is not bound to
surrender its jurisdiction unless the petition shows upon its

face à removable cause founded 'upon diverse citizenship, and unless such petition and an accompanying bond are filed in the State court within the time required by the acts of Congress of 1887-1888. *R. R. v. Daughtry,* 138 U. S., 298; *Stone v. State,* 117 U. S., 430; *Howard v. R. R.,* 122 N. C., 944; *Corp. Commission v. R. R.,* 151 N. C., 447; Moon on Rem., sec. 156.

The statute is imperative that the application to remove must be made to the State court when the answer is due, and although the plaintiff does not then move for judgment by default it cannot be held that he thereby extends the time for removal. *R. R. v. Daughtry, supra;* Moon, sec. 156. *Mr. Moon* says: "A plaintiff may even stipulate that defendant shall have further time to answer without plaintiff thereby consenting that a petition for removal may be filed after the time limited therefor has expired." Again the same author says: "The better reason, if not the weight of authority, sustains the theory that the State court in which a suit is pending cannot by order extending the time for the defendant to answer, or otherwise, enlarge the time within which a petition for removal may be filed." In support of the text the author cites a great array of decided cases from the Federal courts, p. 446.

Referring to this construction of the act, *Judge Sanborn* says: "It secures uniformity in the practice, prevents delays and I think is in accord with the evident intention of Congress. It was not within any time that a defendant might procure to be given him by the court or his opponent, but within the time fixed by the statute, that Congress intended the petition should be filed." *Gold Mining Co. v. Hunter,* 60 Fed., 305; *Howard v. R. R.,* 122 N. C., 944, and cases cited.

The fact that the courthouse of Pitt County was burned on 24 February, 1910, when the original summons and complaint in this cause were destroyed, cannot help the defendant.

The complaint was filed 9 December, 1909. Civil terms of the Superior Court convened on 13 December, 1909, and 24 January, 1910. At neither of those terms did the defendant offer to file the petition and bond for removal, but waited until long after the time for answering had expired.

It is true the defendant filed with the clerk of the Superior

Court of Pitt County on 24 January, 1910, a copy of a petition and bond for removal of this cause, but it was a copy of a petition addressed to the judge of the United States Circuit Court for the Eastern District of North Carolina and filed in that court praying the Federal judge to order a removal of this cause to that court. This copy was attached to a copy of an order of said judge directing the clerk of the Circuit Court to cause a copy of such petition and his order to be forwarded to the Superior Court of Pitt County to the end that said record may be certified to the Circuit Court of the United States.

It was not an original petition for removal addressed, as it should be, to the judge of the Superior Court of Pitt County (as the petition filed 23 April was addressed), but only a copy of a proceeding commenced originally in the Circuit Court of the United States and delivered to the clerk of the Superior Court of Pitt County. Nevertheless, treating it as an original petition for the sake of argument, it was not filed within the time required by law nor presented to the Superior Court in term.

The time for answering according to our statute expired with the term convening 13 December, 1909, and a filing with the clerk of a petition and bond for removal is not a presentation to the judge in term as is required. *Ry. Co. v. Roberts,* 141 U. S., 690; *Howard v. R. R., supra; Shedd v. Fuller,* 36 Fed., 609; *Roberts v. Ry. Co.,* 45 Fed., 433. It is further contended that the order of the district judge had the effect to remove the cause into the Circuit Court of the United States and to oust the jurisdiction of the State court.

We cannot concede this, and with entire respect for the learned judge, must hold that his order cannot have the effect to terminate the jurisdiction of the State court.

If the removal proceeding were founded in the local prejudice act of Congress we should willingly concede that his order lawfully transferred the cause to the Circuit Court.

But where the ground of removal is solely that of diverse citizenship, as we understand the law, the Circuit Court has no authority to order a transfer of the cause, especially when at

the time no petition and bond has been presented to the State court, as was the case here.

The right of removal for diverse citizenship is purely statutory, and before the jurisdiction of the State court can be disturbed it must appear affirmatively that a proper petition and bond has been in due time presented to the State court, when, as said by *Chief Justice Waite,* in *Stone v. South Carolina,* 117 U. S., 430 : "The State court is at liberty to determine for itself whether on the face of the record a removal had been effected." The learned Chief Justice then proceeds to say: "If it decides against removal and proceeds with the cause, notwithstanding the petition, its ruling on that question will be reviewable here after final judgment under sec. 709 of the Revised Statutes (citing several cases). If the State court proceeds after a petition for removal it does so at the risk of having its final judgment reversed, if the record on its face shows that when the petition was filed that court ought to have given up its jurisdiction."

The act of Congress does not confer upon the lower Federal courts the power to order removal of causes on account of diverse citizenship, as it does in the local prejudice act, but the removal proceeding must commence in the State court by filing the petition and bond there.

At the time Judge Connor's order was made, 10 January, 1910, no petition or bond had ever been filed in the Superior Court of Pitt County, either presented to the judge or filed with the clerk, and that court had not been asked to surrender its jurisdiction.

We fail to find any authority, State or Federal, which sustains the action of the Circuit Court under such circumstances, and its order cannot have the effect to oust the jurisdiction of the Superior Court of Pitt County. "A State court is not ousted of its jurisdiction of a case by unauthorized proceedings taken for removal of the same case to a Federal Court." *Johnson v. Wells Fargo Co.,* 91 Fed. Rep., 1; *Tevis v. Pallentine Insurance Co.,* 149 Fed. Rep., 560.

It is contended that the plaintiff's counsel appeared in the

Circuit Court and moved to remand to the State court, and that such action is a recognition of the Circuit Court's jurisdiction and power to make the original order.

We are unable to see how any action of plaintiff's counsel can confer on a court a jurisdiction not conferred by law, but we would regard a motion to remand as rather in the nature of a challenge to the jurisdiction of the Circuit Court to make the order of removal rather than submission to or recognition of it. The motion was doubtless made to prevent an unseemly conflict between the State and Federal courts.

Had the defendant pursued the usual and orderly procedure, the petition and bond would have been presented to the Superior Court in term, and if the judge determined that on the face of the record a removal had not been effected, the defendant could have appealed to this court, and if necessary had its judgment reviewed by the Supreme Court of the United States, and thus preserved its right to answer until the right of removal had been finally adjudicated. On the contrary, the defendant chose to commence its removal proceedings originally in the Circuit Court and declined to file its answer to the complaint in the State court.

There was nothing left for the State court to do but grant the plaintiff's motion for judgment by default and inquiry.

The point is made that a judgment by default cannot be lawfully rendered in the absence of a summons substituted in place of the original served on defendant 14 September, 1909, and destroyed by fire. This is not necessary, as the defendant admits, when it filed its petition for removal on 23 April, that it had been made a party defendant to this action. This is not only admitted by the act of filing itself, but it is expressly stated in the petition that the summons has been duly served on defendant.

Nevertheless the substituted summons has been filed in the record by leave of this Court since the argument.

The cause is remanded to the Superior Court of Pitt County with instructions to execute the inquiry, and otherwise proceed as the law directs.

Affirmed.

CLARK, C. J., concurring. The great bulk of court business under our system of government is necessarily in the State courts. The Federal courts have a restricted jurisdiction which is limited to matters marked out by the United States Constitution. So true is this that in all actions in a Federal court it is presumed that the court is without jurisdiction until the contrary affirmatively appears. *Robertson v. Cease,* 97 U. S., 646; 11 Cyc., 855. In those instances of concurring jurisdiction in which, notwithstanding a State court has first taken jurisdiction, the Federal Judiciary Act permits a removal into the Federal, such removal is permissible only when the motion is made in apt time, and in all respects complies with the requirements of the act of Congress. Whether it does so comply is a matter which the State court is competent to judge, as well as the United States Court, the Federal Supreme Court being the final arbiter. *Stone v. South Carolina,* 117 U. S., 430; *Lawson v. R. R.,* 112 N. C., 397; *Baird v. R. R.,* 113 N. C., 608; *Howard v. R. R.,* 122 N. C., 954; *Beach v. R. R.,* 131 N. C., 399.

A writ of error lies from a State Supreme Court to the United States Supreme Court, though even this was strenuously denied in the early history of the Court. But there is no superiority or inferiority between the State Superior Court and the Federal District and Circuit Courts. They are co-ordinate courts, just as the State Superior Courts are between themselves. The right to remove cases from the State court to the Federal court argues no superiority in the latter over the former, but only indicates that in the purview of the Federal Constitution and laws, the nature of the case is such that the defendant is entitled to have it tried in the Federal court, but only when the defendant has made his motion within the time and in the manner prescribed by the statute.

It is not inappropriate to say this much, as the learned counsel for defendant, in his argument here, spoke of the writ going "down" from the Federal Circuit Court to the State Superior Court. "Words," said the great orator *Mirabeau,* "are things," and in matter touching the jurisdiction of courts there should be entire accuracy of thought and speech. The jurisdiction of the Federal courts below the Supreme Court, as well as their

existence, is entirely statutory, created originally by the Judiciary Act of 1789 and modified by statutes since, and subject to further modifications, but not to exceed the limits marked out by the United States Constitution. *U. S. v. R. R.*, 98 U. S., 569.

The United States Supreme Court alone is not a legislative creation, and therefore it cannot be abolished by act of Congress (as has been the case with Circuit and District Courts), but even that high court is dependent upon Congress for the exercise of its jurisdiction, which as prescribed by U. S. Cons., Art. III, sec. 2, cl. 2, is "with such exceptions, and under such regulations, as the Congress shall make." The Federal courts therefore have no inherent jurisdiction, and their limited jurisdiction extends only to the cases, and can be exercised only in the instances, marked out by the statute.