MYRTLE L. PRUITT, ADMINISTRATRIX, v. CHARLOTTE POWER COMPANY.

(Filed 29 April, 1914.)

1. **Removal of Causes—Federal Courts—Petition and Bond—Time for Filing—Answer—Statutes.**

   The filing of the petition and bond by a foreign defendant for the removal of a cause from the State to the Federal court for diversity of citizenship comes too late after the expiration of the statutory time allowed for answer.

2. **Removal of Causes—Federal Courts—Jurisdiction—Waiver—Time to Plead.**

   An agreement between the parties, approved by the court, allowing a nonresident defendant time in which to answer the

PRUITT v. POWER CO.

complaint, is a waiver by the defendant of his right to remove the cause to the jurisdiction of the Federal court, though the subject-matter is within the jurisdiction of that court; and especially so, on appeal to our Supreme Court, where it is found by the lower court that the order allowing time to answer was filed before the filing of the petition for removal.

3. Removal of Causes — Federal Courts — Pleadings—Joint Tort—Fraudulent Joinder—Allegations—Jurisdiction—Certiorari—Appeal and Error—U. S. Supreme Court.

Where several defendants are sued for the same tort, the allegations of the complaint are determinative as to whether they are sued jointly or severally; and where a joint tort is alleged against a resident and nonresident defendant, and in proceedings to remove to the Federal court the nonresident alleges that the joinder was made in fraud of the jurisdiction of that court, general or broadside allegations of that character are insufficient to stop *eo instanti* the proceedings in the State court and leave the determination of the question of the fraudulent joinder exclusively to the courts of Federal jurisdiction. But in such instances a *certiorari* for the transcript of the record may issue out of the Federal court, which the clerk of the State court is bound to obey, and the cause may proceed through these two separate channels to the Supreme Court of the United States.

APPEAL by defendant from *Harding, J.,* at November Term, 1913, of MECKLENBURG.

*J. Laurence Jones, Stewart & McRae, and Shannonhouse & Jones for plaintiff.*

*Osborne and Cocke & Robinson for defendants.*

CLARK, C. J. This is an appeal from the refusal of a motion to remove the cause to the United States District Court. The summons was served 7 August, 1912, returnable to September term of the Superior Court of Mecklenburg. Complaint was filed on 25 September, 1913. On 11 October the defendant asked for time to file answer until the last day of the next term of the court, and by consent of the plaintiff the order was made accordingly, and thereafter, on the same day, the defendant's counsel presented to the court the petition and bond for the removal of the cause.

165—27

PRUITT *v.* POWER CO.

The entering into the stipulation for an extension of time to file the answer, which was duly approved by the judge, was a general appearance in the State court and waived the right to remove. It was an acceptance of the jurisdiction of the State court. *Howard v. R. R.,* 122 N. C., 944; *Duffy v. R. R.,* 144 N. C., 23. The provision in the agreement that the stipulation should be made an order of court does not affect the matter, especially as the judge finds that the order was signed before the petition and bond for removal were presented to the court. Though there is some authority that where an order of court is made extending the time to answer the time therein specified will be considered the day when the answer is due, yet the greater weight of authority is "a petition for removal filed after the statutory time has expired comes too late even though filed within the time allowed for answering by order of the court, where such order is based on the stipulation of the parties." *Bank v. Keater,* 52 Fed., 377; *Austin v. Gagan,* 39 Fed., 626; *Velay v. Indemnity Co.,* 40 Fed., 545; *Martin v. Carter,* 48 Fed., 596; *Mining Co. v. Hunter,* 60 Fed., 305; *Shippior v. Cordage Co.,* 72 Fed., 803; *Heller v. Lumber Co.,* 178 Fed., 111; *Wayt v. Standard Co.,* 189 Fed., 231.

Besides, the petition to remove does not sufficiently allege a fraudulent joinder. "Where resident defendants are joined with a nonresident, and the latter applies for removal for fraudulent joinder, the question of fraud can be raised only by stating facts from which the fraudulent joinder necessarily appears, and not by a single averment of fraud or by alleging fraud in general though positive terms that the residents were joined for the sole purpose of applying for removal, and not with the honest intent of seeking relief against them." *Smith v. Quarries Co.,* 164 N. C., 351.

The complaint filed by the plaintiff states a joint cause of action against each of the defendants. All three defendants are charged with operating and maintaining (as principal and subsidiary companies) a line of wire which caused the death of the plaintiff's intestate. It is fundamental as well as elementary that the allegations set out in the complaint are to be construed

by the State court as true, upon the petition for removal. "Whether there was a joint liability or not, was a question to be determined upon the averment of the plaintiff's statement of his cause of action, and is a question for the State court to decide." *R. R. v. Sheegog,* 215 U. S., 308. The motive of the plaintiff taken by itself does not affect the right to remove. *R. R. v. Schwyhart,* 227 U. S., 184.

In *Staton v. R. R.,* 144 N. C., 135, it was held: "Two defendants participating in the commission of a tort to the injury of the plaintiff are jointly and severally liable, and when the plaintiff has proceeded against them in a single action the cause is not separable, and cannot be removed by foreign defendants to the Federal court, though different answers may be made and different defenses relied upon." In *Hough v. R. R.,* 144 N. C., 692, the Court said: "At common law and under Revisal, 469, an action in tort against several defendants is joint or several according to the declarations in the complaint, and the plaintiff's election determines the character of the tort, whether joint or several," and further says: "The mere allegation in the petition of the foreign defendants that the joinder of the resident with the foreign defendant was a device of the plaintiff for the fraudulent purpose of defeating the defendant's right of removal is insufficient."

In this case the complaint alleges joint ownership and joint negligence against all these defendants, and on the face of the complaint a joint cause of action is alleged against each of the defendants, one of whom is a resident of this State. It is not material that the actual purpose of the plaintiff in joining the resident defendant was to prevent the removal to the Federal court. *Armstrong v. R. R.,* 192 Fed., 608; *R. R. v. Dowell,* 229 U. S., 102.

It is true that when a verified petition for removal is filed, accompanied by a proper bond, and the petition contains facts sufficient to require a removal under the statute, the jurisdiction of the State court is at an end. But this applies only when the allegations of fact are such as to authorize the right of removal, and not when the petition on the ground of alleged fraudulent

joinder merely asserts, as in this case, fraud and bad faith in general terms, without a full and direct statement of facts sufficient to demonstrate a fraudulent purpose. Where such facts are sufficiently alleged, and there is a denial, then the issue arising must be determined by the Federal court. *Smith v. Quarries Co., supra.*

*Rea v. Mirror Co.,* 158 N. C., 24, relied on by the defendant, differs from this case. In that case, upon the filing of the petition for removal, the plaintiff took a voluntary nonsuit, and brought a new action against the defendant company, joining its treasurer as a party defendant. This fact was alleged in the petition for removal, and sufficiently alleged bad faith on the part of the plaintiff.

In this case the plaintiff has sued three defendants, alleging a joint cause of action against them all, and the only allegation is the charge of bad faith and that the resident defendants are not guilty of negligence and did not own or operate the wire. All the latter allegations are mere matters of proof and defense, and there was nothing presented in the State court, other than this "broadside" allegation, upon which it could base a finding as to the charge of fraudulent joinder.

It is well settled that the State court should not surrender its jurisdiction unless the petition shows upon its face a removable cause and unless such petition and accompanying bond are filed in the State court within the time required by the act of Congress. *R. R. v. Daugherty,* 138 U. S., 298; *Stone v. S. C.,* 117 U. S., 430; *Howard v. R. R.,* 122 N. C., 944; *Corporation Commission v. R. R.,* 151 N. C., 447; *Higson v. Insurance Co.,* 153 N. C., 38. Whether the petition in its tenor, and time of filing, authorizes the removal is a matter for decision by the State court in the first instance.

That court is not paralyzed by the simple presentation of a petition to remove. It is true, the Federal court may, notwithstanding the refusal of the State court to remove, send a *certiorari* to the State court for the transcript of the record, which the clerk of the State court must obey. In such case, as was said in *Howard v. R. R.,* 122 N. C. at p. 953: "The strange spec-

tacle may be presented of the same. cause between the same parties being tried at the same time in the State court and in the Federal court, and finally going up to the United States Supreme Court by different routes. Upon the final decision of that tribunal, the proceedings of the court which is held not to have had jurisdiction are simply a nullity. Such unseemly cases have occurred, but rarely (*Carson v. Hyatt*, 118 U. S., 279; *R. R. v. Koontz*, 104 U. S., 5), owing both to the comity of the courts of the two jurisdictions to each other and the unwillingness of counsel to subject themselves to double labor and their clients to double costs." This matter is fully discussed and so held by *Chief Justice Waite* in *Stone v. S. C.*, 117 U. S., 430; see, also, *Higson v. Insurance Co.*, 153 N. C. at p. 42.

The refusal of the motion to remove is
Affirmed.