MRS. VERNESSA TOWNSEND v. J. C. HOLDERBY ET AL.

(Filed 7 March, 1928.)

**Removal of Causes—Diversity of Citizenship—Movant Must Allege Nonresidence.**

The defendant, to remove a cause from the State to the Federal Court for diversity of citizenship, must allege his nonresidence in this State.

APPEAL by defendants from *Lyon, J.,* at November Term, 1926, of PITT. Affirmed.

The complaint alleges in part:

"That the said defendants did by their wilful misrepresentations and by their malicious, wrongful and persuasive advice and other inducements poison her said husband's mind against her, alienate his affections for her, cause him to mistreat and abandon her, thus separating them as husband and wife.

TOWNSEND *v.* HOLDERBY.

"That by so doing the said defendants have destroyed plaintiff's happiness and home forever; that they caused the loss of her said husband, his comfort and assistance, his affection and companionship,. to her great damage in the sum of $35,000.

"Wherefore, plaintiff prays judgment against defendants jointly and severally, as follows:

"1. For compensatory damage $25,000.

"2. For punitive damages $10,000."

*Walter G. Sheppard for plaintiff.*
*Gatling, Morris & Parker for defendants.*

PER CURIAM. This was a civil action brought by plaintiff against defendants for loss of consortium. The principle upon which the action is bottomed is as follows: "So on the theory that under the modern statutes a husband and wife are entitled to the affection, society, cooperation, and aid of each other in every conjugal relation, and either may maintain an action for damages against any one who wrongfully and maliciously interferes with the marital relationship, and thereby deprives one of the society, affection and consortium of the other." See 13 R. C. L., "Husband and Wife," part sec. 494 and sec. 509.

The defendants petitioned for removal to the United States District Court. The petition does not allege that the defendants "being nonresidents of the State of North Carolina." The defendants made a motion before the clerk to amend their said petition to read, "They being nonresidents of the State of North Carolina." The petition for removal and motion to amend was denied by the clerk. The defendants appealed to the Superior Court. The judgment in the court below, in part, is as follows:

"And it appearing to the court from the record in said cause, and from the petition of removal, that said petition is fatally defective in that petitioners have failed to allege in their petition that the defendants were 'nonresidents of the State of North Carolina,' and it also appearing to the court that said allegation does not appear in the record of the cause, as is required by statute and the decision of the Supreme Court of North Carolina, and of the United States construing the same.

"It is therefore considered, ordered and adjudged that the said petition of the defendants for removal of said cause to the Eastern District of North Carolina, of the United States District Court be, and the same is hereby denied, and the order of the clerk of the Superior Court of Pitt County affirmed and the said cause is retained in the Superior Court of North Carolina for trial.

"It is further considered, ordered and adjudged that the order of Hon. J. F. Harrington, clerk of the Superior Court, denying the motion of the defendants to amend the said petition to read, 'they being nonresidents of the State of North Carolina,' after the phrase 'citizens of the State of Georgia,' be, and the same is hereby affirmed, and said action is denied." *Thompson v. R. R.,* 130 N. C., 140; *Springs v. R. R.,* 130 N. C., 186; *Morganton v. Hutton,* 187 N. C., 737.

We see no error. The judgment of the court below is

Affirmed.