BRUCE KING v. ROBINSON TRANSFER MOTOR LINES, INC.

(Filed 26 February, 1941.)

**Process § 6g—**

Plaintiff, a nonresident, instituted this action against a nonresident corporation doing business as a common carrier, on a transitory cause of action arising in another state. *Held:* Service of process on the person designated as process agent for the State of North Carolina by defendant in compliance with U. S. C. A. Title 49, sec. 321 (c), is invalid and defendant is entitled to have the action dismissed. *Steele v. Tel. Co.,* 206 N. C., 220, cited and distinguished.

APPEAL by plaintiff from *Nettles, J.,* at December Term, 1940, of BUNCOMBE.

Transitory action brought by a nonresident in the General County Court of Buncombe County against a foreign corporation on a cause of action arising in the State of Tennessee.

It appears from the complaint that the plaintiff is a resident and citizen of Tennessee; that the defendant is a corporation organized under the laws of the State of Tennessee, doing business as a common carrier by motor vehicle in that State and in the States of North and South Carolina, and that the cause of action upon which plaintiff sues is one in tort to recover damages for personal injuries arising out of a collision between plaintiff's automobile and one of defendant's trucks on 7 August, 1939, in the State of Tennessee.

Service of process was sought to be had on the defendant by "leaving a copy of the summons and verified complaint with R. R. Williams, process agent of defendant corporation for North Carolina."

The defendant appeared specifically and moved to dismiss on the ground that it had not been brought into court on any valid and binding service of process. The motion was denied in the county court, and on appeal to the Superior Court this ruling was reversed and the cause remanded with direction that the action be dismissed.

From this judgment the plaintiff appeals, assigning error.

*George M. Pritchard and M. A. James for plaintiff, appellant.*
*Williams & Cocke for defendant, appellee.*

STACY, C. J. The plaintiff and defendant are both from Tennessee. The cause of action arose in that State.

The only service of process is on R. R. Williams, designated as process agent for the State of North Carolina by the defendant in compliance with an Act of Congress, U. S. C. A. Title 49, sec. 321, subsec. (c).

Without undertaking to decide whether service of process on such agent would suffice to bring the defendant into the courts of this State on a cause of action arising here, the case of *Old Wayne Mut. Life Asso. v. McDonough,* 204 U. S., 8, is authority for the position that such attempted service will not suffice on a cause of action arising in another jurisdiction.

Again, in *Simon v. Southern Ry. Co.,* 236 U. S., 116, it is held that service of process on the State officer designated by La. Acts, No. 54, for that purpose, was not effective to give the courts of Louisiana jurisdiction of a suit against a foreign corporation doing business in that State as to a cause of action arising in Alabama.

These authorities are decisive of the question presented by the appeal. The plaintiff relies upon the case of *Steele v. Tel. Co.,* 206 N. C., 220, 173 S. E., 583, but the question there decided is not controlling here. That case did not involve service of process on an agent designated by defendant in compliance with an Act of Assembly or an Act of Congress.

Affirmed.