ELVYN G. HAMILTON v. ATLANTIC GREYHOUND CORPORATION.

(Filed 23 January, 1942.)

Process § 6g—

In this action by a nonresident plaintiff against a nonresident bus corporation, doing business in this State, to recover for personal injuries alleged to have been sustained through negligence of defendant occurring in the State of Virginia, service of process upon the process agent appointed by the defendant under C. S., 1137, *is held* ineffective upon authority of *King v. Motor Lines,* 219 N. C., 223, and the action should have been dismissed.

APPEAL by defendant from *Rousseau, J.,* at May Civil Term, 1941, of ASHE.

*Fred S. Hutchins and H. Bryce Parker for defendant, appellant.*
*Bowie & Bowie for plaintiff, appellee.*

PER CURIAM. This is an action brought by the plaintiff, a resident of the State of New York, against the defendant, a Virginia corporation,

doing business in this State, to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant occurring in the State of Virginia. Service of process was made upon the process agent appointed by the defendant under C. S., 1137.

The majority of the Court are of the opinion that the court below acquired no jurisdiction of the defendant under such service; *King v. Motor Lines,* 219 N. C., 223, 13 S. E. (2d), 233; and that the question is properly raised on defendant's objection to the jurisdiction. The action must therefore be dismissed. It is not deemed necessary to decide the other questions involved.

Judgment of the court below is

Reversed.