The plaintiff is a corporation under the laws of the State of North Carolina, having its principal office at Kannapolis in said State, engaged in the transportation of freight and property in North Carolina and *Page 734 
other states, including the State of New Jersey. The defendant is a corporation under the laws of Virginia, domesticated in North Carolina by compliance with G.S., 55-118, engaged in transporting freight in Virginia and other states, including also New Jersey.
The action is for recovery of damages for an alleged negligent injury to plaintiff's motor vehicle through a collision with defendant's truck, occurring in the State of New Jersey.
Formerly the defendant had a process agent in this State — W. B. Witt — who was also manager of its Greensboro Terminal, but he was withdrawn from the State with other personnel.
The defendant owned an intrastate franchise for the transportation of freight between Greensboro and Reidsville in North Carolina, which on 11 April, 1941, it leased to J. M. Goldston, who later abandoned the lease and paid no rent thereon after April, 1942.
In the month of February, 1943, defendant closed its freight terminal in Greensboro, removed all its property and personnel from the State (unless the intrastate franchise referred to should be considered property within the State), and since then has not been engaged in any business or operations in the State except an occasional trip into North Carolina, principally with leased equipment. J. M. Goldston had no relation to the defendant corporation other than that described.
In connection with its activities in North Carolina during the years 1940, 1941 and 1942, defendant domesticated under G.S., 55-118, and filed franchise tax returns and paid franchise taxes from 21 September, 1940, up to and including February, 1943, but since that date has filed no returns and has paid no taxes, having physically withdrawn from its operations here.
Upon the original summons issued in this action, the return of the sheriff shows that W. B. Witt, the process agent above referred to and whose address was given as Wendover Avenue, Greensboro, N.C. could not be found within the county.
The plaintiff procured service of process to be made upon J. M. Goldston as agent and process agent of the defendant in this State by virtue of the fact that he was lessee of the defendant's franchise. Thereupon, the defendant, specially appearing for the purpose, moved to dismiss the action on the ground that the service was invalid and of no effect.
The plaintiff then procured an order for the issue of an alias summons and caused process so designated to be served upon Thad Eure, North Carolina Secretary of State, under the provisions of G.S., 55-38. The defendant again made a special appearance and moved to dismiss the action on the ground that this service was invalid and insufficient to bring it into court. *Page 735 
The matter came on to be heard before Clement, J., who took evidence, heard argument of counsel, made his findings of fact and conclusions of law, adjudging that in both instances the attempted service was invalid; and allowed the motion to dismiss the action.
From this judgment plaintiff appealed, assigning errors.
We are asked to determine whether, upon the facts of this case, the service of process upon J. M. Goldston, one time lessee of defendant's intrastate franchise, or the subsequent service upon the Secretary of State, was effectual to bring into the jurisdiction of a court of this State the defendant, a foreign corporation, in an action brought by a resident corporation on a transitory cause of action arising in another state.
We are of the opinion that the relation of lessee of defendant's franchise did not constitute J. M. Goldston in any respect agent of the defendant upon whom process might be served in this case. The fact that he was process agent of his own corporation did not make him process agent of the defendant — and he is not a "local agent" within the meaning of G.S., 1-97, under any definition of which the Court is aware. Moreover, he had abandoned the lease long before service was made upon him. There was no attempt to call the defendant into court for anything arising out of the lease or exercise of the franchise. The service upon Goldston was invalid and ineffectual.
We proceed to consider the service made upon the Secretary of State.
The service of process on that officer depends for its validity, primarily, on the applicability of G.S., 55-38, to the facts as they existed at the time of service — upon the presence of the conditions named in the statute as necessary to that form of service, and, perhaps, more importantly upon the extent to which we may indulge the presumption of implied consent to be sued in a case of this kind. For convenience we quote:
"55-38. RESIDENT PROCESS AGENT. — Every corporation having property or doing business in this state, whether incorporated under its laws or not, shall have an officer or agent in the state upon whom process in all actions or proceedings against it can be served. A corporation failing to comply with the provisions of this section is liable to a forfeiture of its charter, or to the revocation of its license to do business in this state. In the latter event, process in an action or proceeding against the corporation may be served upon the secretary of state by leaving a true copy thereof with him, and he shall mail the copy to the president, secretary or other officer of the corporation upon whom, if residing in this state, *Page 736 
service could be made. For this service to be performed by the Secretary, he shall receive a fee of fifty cents, to be paid by the party at whose instance the service was made."
Summarizing the pertinent facts in order to present a clear view of the picture: (a) the defendant is a foreign corporation domesticated here; (b) the originally appointed process agent had withdrawn from the State with other "personnel" and was not available for service of process when the action was instituted; (c) the defendant later (on 8 July, 1944) appointed a new resident process agent in order to preserve its intrastate franchise granted by the North Carolina Utilities Commission, and its right to do business thereunder; (d) that franchise still subsists as a property right of value; (e) the defendant had discontinued operation under its franchises in North Carolina, was not doing business within the State, and had at the time of service of plaintiff's process no property other than the franchise mentioned.
In this situation it would seem that our attention might be directed, primarily at least, to the question whether the franchise above mentioned as still subsisting constitutes "property . . . in this state" within the meaning of the statute.
We doubt whether any fruitful inquiry could be made as to what the draftsman had in mind by making the presence of "property" in this State a condition which would subject the corporation to service of process. Many reasons could be given, but none, we feel, which would, on principle, exclude from its coverage the franchise which the defendant has so carefully protected and which is subject to sale and lease only under the control and by the approval of the State authorities.
It may be conceded, therefore, that the plaintiff has complied with the provisions of the statute in the presence of conditions therein named, without, however, deciding that the mere holding of property here, particularly of the kind described, would justify the alternate service provided in the Act.
This, however, only brings us to the larger question whether the statute so observed and invoked is effective to bring a foreign corporation into the jurisdiction of the State court upon a cause of action arising in another state, and not in any manner connected with its activities in this State. Old Wayne Mutual Life Association v. McDonough, 204 U.S. 8,51 L.Ed., 345, and Simon v. Southern Ry., 236 U.S. 116, 59 L.Ed., 492, followed in King v. Motor Lines, 219 N.C. 223, 13 S.E.2d 233, andHamilton v. Greyhound Corp., 220 N.C. 815, 18 S.E.2d 367, are authorities to the contrary. (Steele v. Telegraph Co., 206 N.C. 220,173 S.E. 583, cited in plaintiff's brief, is distinguished in King v. MotorLines, supra, and is unavailable as authority in support of the validity of the questioned service.) Certainly, service on the Secretary *Page 737 
of State, a mere alternative, would be of no greater avail than service on a process agent, appointed by the corporation itself, in compliance with the statute.
In Hamilton v. Atlantic Greyhound Corp., supra, as in King v. MotorLines, supra, the suit was brought by a nonresident against a nonresident corporation upon a transitory cause of action arising beyond the intended jurisdiction; but in Wayne Mutual Life Association v. McDonough, supra— the case followed in King v. Motor Lines, supra — the process, service of which was criticized and held invalid, was sued out by a resident to bring a corporation into the court of his own state, Pennsylvania, and served under a statute comparable to ours.
And in Simon v. Southern Ry. Co., supra, the other authority cited and followed in King v. Motor Lines, supra, the questioned service was made in a transitory action brought by a resident of Louisiana in a court of that State against a Virginia corporation for a cause of action arising in the State of Mississippi. The service statute is almost identical with ours. The ratio decidendi in these cases must be found elsewhere. Speaking for the Court in the Simon case, supra, Justice Lamar observes:
"Subject to exceptions, not material here, every state has the undoubted right to provide for service of process upon any foreign corporation doing business therein; to require such companies to name agents upon whom service may be made; and also to provide that in case of the company's failure to appoint such agent, service, in proper cases, may be made upon an officer designated by law. Mutual Reserve Fund Life Asso. v. Phelps,190 U.S. 147, 47 L.Ed., 987, 23 Sup. Ct. Rep., 707; Connecticut Mut.L. Ins. Co. v. Spratley, 172 U.S. 603, 43 L.Ed., 569, 19 Sup. Ct. Rep., 308. But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made relates to business and transactions within the jurisdiction of the state enacting the law. Otherwise, claims on contracts, wherever made, and suits for torts, wherever committed, might, by virtue of such compulsory statute, be drawn to the jurisdiction of any state in which the foreign corporation might at any time be carrying on business. The manifest inconvenience and hardship arising from such extraterritorial extension of jurisdiction by virtue of the power to make such compulsory appointments could not defeat the power if in law it could be rightfully exerted. But these possible inconveniences serve to emphasize the importance of the principle laid down in Old WayneMut. Life Asso. v. McDonough, 204 U.S. 22, 51 L.Ed., 351, 27 Sup. Ct. Rep., 236, that the statutory consent of a foreign corporation to be sued does not extend to causes of action arising in other states."
This reasoning, we think, also disposes of any argument in aid of the validity of the service arising out of the fact that the defendant *Page 738 
corporation domesticated here under the 1899 statute, now G.S., 55-118. That statute must be read in connection with G.S., 55-38, now being construed, and the implication of consent with respect to the foreign corporation rendering itself liable to process here is no stronger in the one than in the other. In Sou. Ry. Co. v. Allison,190 U.S. 326, 47 L.Ed., 1078 (reversing the decision of this Court in Allison v. Sou. Ry. Co., 129 N.C. 336,40 S.E. 91, and incidentally overruling Debnam v.Telegraph Co., 126 N.C. 831, 36 S.E. 269, and Beach v. Sou. Ry. Co.,131 N.C. 399 42 S.E. 856), the United States Supreme Court interpreted our domestication law as a licensing statute rather than one creating a new corporation; and that distinction is sufficient for our purpose here. Under either statute, or both taken together, the controlling distinction lies in the extent to which the presumption of implied consent may be indulged in without infraction of the federal right.
It is true that the form in which the prohibition is expressed in theSimon case, supra, is a construction of a state statute; nevertheless, behind it lies a federal question, and the obvious purpose of the Court was to save so much of the statute as did not impinge upon the federal right.
Many opinions may be found in which the adopted authorities — OldWayne Mutual Life Association v. McDonough, supra, and Simon v. Sou. Ry.Co., supra — are distinguished from those being at the time under consideration because of factual differences. See annotations 145 A.L.R., 630-667, where the subject is treated with fine analysis and detail and, of course, much more comprehensively than we can afford here.
In Pa. Fire Ins. Co. v. Gold Issue Min. and M. Co., 243 U.S. 93,61 L.Ed., 610, the subject is treated in its bearing upon due process of law (see notes), and while the Court upheld the service in that case, the decision rested upon the fact that the foreign corporation had filed an express consent to be thus sued by such service; whereas in the Wayne case,supra, the corporation was doing business in certain states without compliance with the statute and the implication of extraterritorial consent did not arise.
In International Shoe Co. v. State of Washington, et al., U.S. Supreme Court, 3 December, 1945, after stating what would constitute presence in the state sufficient to justify suit in that jurisdiction, Chief JusticeStone, in delivering the opinion of the Court, says:
"`Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. St. Clair v. Cox, 106 U.S. 350, 355; Mutual *Page 739 Life Ins. Co. v. Spratley, 172 U.S. 602, 610-611; Penna. Lumbermen's Ins.Co. v. Meyer, 197 U.S. 407, 414-415; Commercial Mutual Accident Co. v.Davis, 213 U.S. 245, 255-256; International Harvester v. Kentucky, supra;cf. St. Louis S.W. Ry. v. Alexander, 227 U.S. 218. Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. St. Clair v. Cox, supra, 359, 360; Old Wayne Life Ass'n v. McDonough, 204 U.S. 8, 21; Frene v.Louisville Cement Co., supra, 515, and cases cited. To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process."
And further: "Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations. Cf. Pennoyer v.Neff, supra; Minnesota Ass'n v. Benn, 261 U.S. 140.
"But to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue. Compare International Harvester v.Kentucky, supra, with Green v. Chicago, Burlington Quince Ry., supra, andPeople's Tobacco Co. v. America Tobacco Co., supra. Compare Mutual LifeIns. Co. v. Spratley, supra, 619, 620, and Commercial Mutual Accident Co.v. Davis, supra, with Old Wayne Life Ass'n v. McDonough, supra. See 29 Columbia Law Review, 187-195."
We have not found the authority of the Wayne case, supra, and the Simoncase, supra, successfully distinguished, or disputed, upon the factual situations which they present and which are, in so far as any principle of law may be deduced, comparable to the facts of the present case.
However this may be, these cases have been definitely followed in this State in King v. Motor Lines and Hamilton v. Greyhound Corp., both supra, and the principle of decision in those cases has become our own. We are, therefore, of opinion, and so hold, that the attempted service of *Page 740 
process upon the Secretary of State under the facts of this case was invalid and ineffectual to bring the corporation within the jurisdiction of the court.
The judgment of the trial court dismissing the action for want of valid service of process is
Affirmed.