### L. M. BABB v. CORDELL INDUSTRIES, INCORPORATED.

(Filed 25 May, 1955.)

**1. Courts §§ 3a, 16—**

The inclusion of one account for goods sold and delivered in this State with a large number of other accounts for sales outside the State cannot change the *loci contractus* of the out of state accounts, and when the value of the intra-state account is within the exclusive jurisdiction of a justice of the peace, it cannot be made the basis of an action in the Superior Court.

**2. Process § 8a—**

In order to bring a foreign corporation into court by service of process under G.S. 1-97, it is necessary that the corporation be doing business here or have property in this State, or that the cause of action arose here, and

that service be made personally upon an officer or agent designated by the statute.

**3. Courts § 2—**

> Jurisdiction over the person of the defendant is a prerequisite to the rendition of a personal judgment against him.

**4. Process § 8d: Courts § 16—**

> In an action between nonresidents upon a transitory cause of action *ex contractu,* the fact that the nonresident defendant corporation is doing business here does not justify service of process by service on the Secretary of State under G.S. 55-38 when the cause of action does not arise in this State, and a judgment rendered upon such service violates the due process clause of the Federal Constitution, and is void.

APPEAL by defendant from *Gwyn, J.,* 6 December, 1954 Civil Term, GUILFORD (High Point Division).

Civil action for the recovery of $6,048.33 alleged to be due for goods sold and delivered.

The plaintiff is a resident of the State of Georgia. The defendant is a New York corporation, neither domesticated nor represented by a designated process agent in the State of North Carolina. Summons was issued 22 July, 1954, first to Guilford County, later to Rowan County, and upon return without service, summons directed to the Sheriff of Wake County was served upon the Secretary of State.

The defendant, through counsel, entered "a special appearance and motion to quash purported service of process and to vacate return of service," upon the assigned reasons, among others, (1) neither the plaintiff nor the defendant is a resident of North Carolina; (2) the defendant is not domesticated in North Carolina and has no process agent in this State; (3) the defendant is not doing business in the State of North Carolina; (4) the defendant owns no property in this State; (5) the purported service on the Secretary of State is invalid.

From the affidavits filed both in support of and in opposition to the motion to dismiss, the trial judge made extensive findings of fact and concluded therefrom, (1) that the defendant was present doing business in North Carolina, and (2) that service of process on the Secretary of State constituted legal service and brought the defendant into court. The motion to vacate the service was denied. The defendant excepted and appealed, assigning errors.

*D. A. Rendleman for plaintiff, appellee.*
*Harry Ganderson for defendant, appellant.*

HIGGINS, J. The affidavits afford ample support for the court's findings the defendant was doing business in North Carolina during the

years 1952, 1953 and until July, 1954. Although the defendant took numerous exceptions to the findings of fact, it is doubtful whether the assignments of error based thereon are sufficiently specific to call them into question. However, assignment of error No. 3, based on exception No. 45, challenges the conclusions of law, the sufficiency of the findings to support them, and the validity of the order requiring the defendant to answer.

It appears by inference, and was conceded on the argument, (1) that the plaintiff is a resident of the State of Georgia; (2) that the cause of action except as to $43.70 arose outside the State of North Carolina; and (3) that the defendant has no property here.

The plaintiff is assignee of accounts alleged to have been due H. L. Whitaker, trading as Dalton Manufacturing Company, Dalton, Georgia, for goods purchased by the defendant corporation. Whether the cause of action arose in Georgia, where the seller resided, or in New York, where the purchasing corporation was organized, is immaterial. In either event the cause of action arose outside the State of North Carolina. Goods, however, of the value of $43.70 were sold and delivered to the defendant in High Point, in this State, and the account therefor was included in the assigned accounts. Assuming a cause of action in contract for $43.70 arose in this State, the amount involved is within the exclusive jurisdiction of a justice of the peace and cannot be made the basis of an action in the Superior Court. Its inclusion cannot change the *loci contractús* of the remaining accounts.

The question presented, therefore, is whether a suit by a nonresident against a foreign corporation on a cause of action arising outside this State can be maintained in North Carolina, and the defendant brought into court by a service of process on the Secretary of State. That a nonresident has access to the courts of this State is not debatable. That he can sue a foreign corporation is also beyond dispute. But to bring the foreign corporation into court the service of process must be made upon an officer or agent as defined in G.S. 1-97, and in the following cases only: (1) Where it has property in this State; or (2) where the cause of action arose in this State; or (3) where the service can be made personally upon some officer designated in G.S. 1-97. *McDonald v. McArthur Brothers Co.,* 154 N.C. 122, 69 S.E. 832; *Steele v. Telegraph Co.,* 206 N.C. 220, 173 S.E. 583. In the latter case the plaintiff was a nonresident, the defendant a foreign corporation, the cause of action (transitory) grew out of a transaction in the District of Columbia. However, the defendant *had property and was doing business in this State and the service was made upon the local agent of the defendant.* The service was held valid. The opinion by *Stacy, C. J.,* upholds the service upon the ground the defendant was doing business in North

Carolina and the service was made upon the defendant's local agent. To hold the defendant under the facts in the case did not offend against the due process clause of the Fourteenth Amendment to the Constitution of the United States. The decisions of this and many other jurisdictions are cited in support. In addition, the defendant cites the case of *International Shoe Co. v. Washington*, 326 U.S. 310, reviewing a decision of the Supreme Court of Washington: "Historically the jurisdiction of courts to render judgment *in personam* is founded on their *de facto* power over the defendant's person. Hence his presence within the territorial jurisdiction of a court was a prerequisite to its rendition of a judgment personally binding on him. *Penoyer v. Neff*, 95 U.S. 714." The courts of the State of Washington had rendered judgment against the International Shoe Company, a foreign corporation, but in that case *the cause of action arose in Washington and process was served on the defendant's agent.*

In the case now before us the defendant did not have property in this jurisdiction. The cause of action did not arise here. The service of process was not made upon a person designated by the statute. Attempted service upon the Secretary of State was a nullity. A judgment rendered upon such service violates the due process clause of the Constitution of the United States. *Old Wayne Mut. Life Asso. v. McDonough*, 204 U.S. 8, quoting, "A corporation cannot 'migrate; but may exercise its authority in a foreign territory upon such conditions as may be prescribed by the law of the place.' "

"As the suit in the Pennsylvania court was upon a contract executed in Indiana; as the personal judgment in that court against the Indiana corporation was only upon notice to the insurance commissioner, without any legal notice to the defendant association, and without its having appeared in person or by attorney or by agent in the suit; and as the act of the Pennsylvania court in rendering the judgment must be deemed that of the State within the meaning of the Fourteenth Amendment, we hold that the judgment in Pennsylvania was not entitled to the faith and credit which, by the Constitution, is required to be given to the public acts, records and judicial proceedings of the several states, and was void as wanting in due process."

In the case of *King v. Motor Lines*, 219 N.C. 223, 13 S.E. 2d 233, this Court, speaking through *Stacy, C. J.*, said: "Without undertaking to decide whether service of process on such agent (process agent designated by defendant) would suffice to bring the defendant into the courts of this State on a cause of action arising here, the case of *Old Wayne Mut. Life Asso. v. McDonough*, 204 U.S. 8, is authority for the position that such attempted service will not suffice in a cause of action arising in another jurisdiction."

Again, in *Simon v. Southern Railway Co.*, 236 U.S. 116, the Court held: "Service of process on the State officer designated by La. Acts, No. 54, for that purpose, was not effective to give the courts of Louisiana jurisdiction of a suit against a foreign corporation doing business in that State as to a cause of action arising in Alabama."

In the case of *Motor Lines v. Transportation Co.*, 225 N.C. 733, 36 S.E. 2d 271, this Court held: "But this power to designate by statute the officer upon whom service in suits against foreign corporations may be made, relates to business and transactions within the jurisdiction of the state enacting the law."

Many cases bearing on the question here presented are cited and analyzed in *Old Wayne Mut. Life Asso. v. McDonough, supra,* and in *Motor Lines v. Transportation Co., supra.* To repeat here either the citations or the analyses would serve no useful purpose. We hold the service of process on the Secretary of State was insufficient to give the court jurisdiction over the defendant. The order of the Superior Court of Guilford County is

Reversed.