## MRS. MYRTLE C. PAINTER v. HOME FINANCE COMPANY.

(Filed 27 February, 1957.)

**1. Process § 8d—**

In an action against a nonresident corporation for wrongfully taking plaintiff's property by duress and threats of arrest without legal process and for invasion of privacy and public humiliation, findings of fact that the tortious acts were committed in this State are sufficient to support adjudication that service of process on it by service on the Secretary of State under G.S. 55-38.1 is valid.

**2. Appeal and Error § 1—**

It is unnecessary for an appellate court, after having determined the merits of the case, to examine questions not affecting decision reached.

APPEAL by defendant from *Clarkson, J.,* November Term, 1956, of BUNCOMBE.

Civil action by plaintiff to recover damages for alleged torts committed in this State by the defendant foreign corporation, heard below on special appearances and motions to quash service of process upon the ground that the defendant has never engaged in such business or activity in the State of North Carolina as would subject it to the jurisdiction of the courts of the State.

The following facts were found by the court:

"1. That the plaintiff is a . . . resident of Buncombe County, North Carolina, and . . . the defendant is a South Carolina corporation with its principal place of business in Spartanburg, South Carolina; that its president, J. E. Burnsides, is a resident . . . of Charlotte, North Carolina.

"2. That the plaintiff, while a resident of South Carolina, gave a chattel mortgage on her 1952 Dodge automobile, which mortgage was purchased by defendant; that up until February 25, 1956, plaintiff paid the defendant the sum of $706.44 on said contract, leaving a balance of $504.60; that due to a lack of work plaintiff lost her job in South Carolina and found work in Asheville, North Carolina, and notified defendant of same; that defendant advised plaintiff it made no difference under the conditional sales (sic) contract where she lived; that . . . plaintiff continued to make payments to defendant until her husband became seriously ill . . . and had to undergo expensive medical and surgical treatment.

"3. That on Sunday afternoon, May 20, 1956, while plaintiff was visiting her sick husband in St. Joseph's Hospital in Asheville, . . . where he had recently undergone a major operation . . . and was still in a very serious and critical condition, defendant's agent, John L. Thornburg, without any permission or authority and with knowledge of the circumstances, invaded plaintiff's privacy and publicly demanded that she immediately pay the balance of $504.60, or surrender said automobile, and refused to wait until the next day when the banks would be open and plaintiff could raise the money; but told plaintiff if she did not pay or surrender the automobile immediately he would have her put in jail; that under threat of duress plaintiff surrendered said automobile, which defendant took, without any legal process, to the State of South Carolina, and sold.

"4. That on 27 July, 1956, plaintiff brought her action in the Superior Court of Buncombe County against the defendant, Home Finance Company, for damages for the wrongful and unlawful taking of her automobile, for invasion of her privacy, for unlawful public threats of arrest, for duress and mental and physical suffering resulting directly therefrom.

"5. That summons was issued . . . from the Superior Court of Buncombe County to the Sheriff of Mecklenburg County, who served same

together with copy of complaint on J. E. Burnsides, President of defendant corporation, who is a permanent resident of Charlotte, North Carolina; that defendant, through its counsel, moved by special appearance, to dismiss on the ground that it was not doing business in North Carolina; that Home Finance Company's President, J. E. Burnsides, is also President of Home Finance Group, Inc., which owns several subsidiary corporations doing business in North Carolina, South Carolina, Virginia, West Virginia, Georgia, Tennessee, and Florida; and in isolated instances when it is necessary to sign a tax return or a similar report for defendant corporation, he does so in Charlotte, North Carolina.

"6. That on 24 September, 1956, alias summons and true copy of the complaint was issued from the Superior Court of Buncombe County to the Sheriff of Wake County, who served same on the Honorable Thad Eure, Secretary of State for North Carolina, as process agent for defendant Home Finance Company; and said Secretary of State sent said summons and complaint by Registered Mail to defendant Home Finance Company, Spartanburg, South Carolina, as provided by law; and said summons and complaint, with the Secretary's forwarding letter, were received, and Registered Mail Return Receipt Card signed, on 28 September, 1956, 'Home Finance Company, by John L. Thornburg, Agent.'

"7. That thereafter by special appearance defendant filed another motion, substantially the same as the first, asking dismissal of plaintiff's action for alleged lack of jurisdiction.

"8. And the Court further finds that plaintiff's cause of action arises out of the tortious conduct of defendant committed in this State, constituting misfeasance, and consisting principally of the wrongful taking of plaintiff's property by duress and threats of arrest and without any legal process or right; for invasion of privacy and public humiliation.

"9. And the Court further finds that the foregoing facts constitute doing business in the State of North Carolina as contemplated by the laws of this State applicable thereto."

Upon the facts found the court entered judgment decreeing: "that the service of process on J. E. Burnsides, as president of defendant Home Finance Company is a good and valid service, and that the service of process on Honorable Thad Eure, Secretary of State, as process agent of defendant is a good and valid service and that this Court now has jurisdiction of defendant, Home Finance Company, for all purposes relative to this action."

The defendant excepted to the judgment and appealed.

*Parker & McGuire and Bruce J. Brown for defendant, appellant.*
*M. John DuBose and Melvin K. Elias for plaintiff, appellee.*

JOHNSON, J.   Decision here is controlled by Chapter 1143, Session Laws of 1955, now codified as G.S. 55-38.1.   This statute provides in pertinent part:

"(a)  Every foreign corporation shall be subject to suit in this State, by a resident of this State . . . whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

"(4)  Out of tortious conduct in this State, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

"(c)  . . . In any case where a foreign corporation is subject to suit under this section and has failed to appoint and maintain a registered agent upon whom process might be served . . . then the Secretary of State shall be an agent of such corporation upon whom any process in any such cause of action may be served."

G.S. 55-38.2 prescribes the procedure to be followed in serving process on the Secretary of State.  This section also provides: ". . . (g) Nothing herein contained shall limit or affect the right to serve any process, notice or demand to be served upon a corporation in any other manner now or hereafter permitted by law."

The allegations of the complaint and the crucial findings of fact made by the court below disclose that the plaintiff's cause of action arose out of the defendant's tortious conduct committed in this State.   This suffices under G.S. 55-38.1 to render the defendant amenable to the jurisdiction of the Superior Court of Buncombe County.  See *Smyth v. Twin States Import Corp.*, 116 Vt. 569, 80 A. 2d 664, 25 A.L.R. 2d 1194; Annotation: 25 A.L.R. 2d 1202.  See also *Compania De Astral, S. A. v. Boston Metals Co.*, 205 Md. 237, 107 A. 2d 357, pet. for *cert.* denied, 348 U.S. 943, 99 L. Ed. 738; *International Shoe Co. v. State of Washington*, 326 U.S. 310, 90 L. Ed. 95.

In this view of the case finding of fact No. 9, wherein the court below concluded that the defendant was "doing business in the State of North Carolina," may be treated as surplusage.  It is unnecessary for an appellate court, after having determined the merits of the case, to examine questions not affecting decision reached.  *Merrell v. Jenkins*, 242 N.C. 636, 639, 89 S.E. 2d 242, 244.  Therefore we do not reach for decision the question whether upon the facts found the court below erred in concluding that the defendant was doing business in the State of North Carolina.

With decision here being rested on the 1955 statute, the decisions in *Lambert v. Schell*, 235 N.C. 21, 69 S.E. 2d 11, and cases there cited do not control.

The record discloses that the defendant has been duly served with process. The result below will be upheld.

Affirmed.