ATLANTIC COAST LINE RAILROAD COMPANY v. J. B. HUNT & SONS,
INC., AND RICHARD H. DRISCOLL, AND INSTO-GAS CORPORATION.

(Filed 19 December 1963.)

**1. Process §§ 12, 13—**

G.S. 55-143 applies to service of process on a foreign corporation only in
those instances in which the corporation has domesticated here, regardless
of whether or not the cause of action arose in this State and regardless of
whether the action relates to business transacted in this State, and the
statute has no application to a foreign corporation which has not do-
mesticated here.

**2. Process § 13—**

G.S. 55-144 applies only when the cause of action against a foreign cor-
poration arises out of business conducted by it in this State, and there-
fore when a transitory cause of action arises in another State, G.S. 55-144
can have no application.

**3. Same—**

There is no statutory authority in this State for service of process on a
foreign corporation by service on the Secretary of State when the cause
of action arises in another state and the corporation has not domesticated
here.

**4. Same—**

In a suit by an employer to recover indemnity for amounts paid the
estate of an employee fatally injured by the explosion of a gas heater,
motion of the nonresident manufacturer to quash the service of summons
upon it by service upon the Secretary of State is properly allowed when
the manufacturer has not domesticated here and the sale of the heater to
the distributor was consummated in another state.

APPEAL by plaintiff from *Fountain, J.,* at Chambers in Tarboro, N.
C., February 5, 1963. From NASH.

Plaintiff, a railroad corporation engaged in interstate commerce and
doing business in North Carolina, brings this action against J. B. Hunt
& Sons, Inc., a domestic corporation (hereinafter called Hunt);
Richard H. Driscoll, a resident of North Carolina and salesman for
Hunt; and Insto-Gas Corporation, a Michigan corporation (hereafter
called Insto-Gas) which has never designated a process agent in this
State and is not authorized to do business in North Carolina. Plaintiff
seeks indemnity from defendants for the amount it paid the estate of
a deceased employee, John T. Parrish, in settlement of a claim under
the Federal Employers' Liability Act for his wrongful death. Parrish
received fatal injuries on March 17, 1960 at plaintiff's Collier Yard
near Portsmouth, Virginia when a gas heater, manufactured by Insto-
Gas Corporation and furnished to the plaintiff by Hunt through its
agent, Driscoll, exploded in a refrigerator car.

The complaint alleges that the heater was inherently dangerous when used for the purpose furnished and that the defendants' negligent failure to warn plaintiff of such danger proximately caused the death of Parrish.

The action was originally instituted only against Driscoll and Hunt. In their answer they deny any liability to the plaintiff. Thereafter Insto-Gas was made a party defendant and summons, reciting issuance pursuant to G.S. 55-144, was served upon the Secretary of State on August 7, 1962. Insto-Gas, appearing specially, moved to "quash the purported service of summons" and to dismiss the action as to it for lack of jurisdiction. Judge Fountain heard the matter upon evidence offered by both plaintiff and Insto-Gas.

These facts appeared to be undisputed: Insto-Gas manufactures torches, furnaces, and heaters which are handled in North Carolina by about fifty independent wholesale distributors including Hunt. The orders of these dealers are accepted in Michigan. Title to the equipment sold passes to the distributors when the items ordered are delivered to common carriers there. Hunt is engaged in the business of selling industrial equipment in North Carolina. The sale of the three small items manufactured by Insto-Gas constitutes a minute part of its business. Prior to January 7, 1960, Driscoll had attempted to interest plaintiff in the purchase of blower-type heaters manufactured by Insto-Gas. Arrangements were finally made to demonstrate the heaters at Collier Yard in Virginia.

Insto-Gas has never employed an agent in North Carolina. Donald B. Edwards, a resident of Georgia, is its regional representative in six states, including North Carolina. He calls upon each distributor in his territory three or four times a year. On these calls he checks the inventories but is not authorized to take orders. Occasionally, however, he will forward an order to Michigan as an accomodation to a distributor. Edwards neither trains nor educates his customers in the use of Insto-Gas equipment, nor does he handle any independent advertising.

At Driscoll's request, Edwards attended the demonstration at Collier Yard and this is the only contact he ever had with the plaintiff. After the demonstration, Driscoll left two heaters with the plaintiff so that it could continue to test them. Edwards and Insto-Gas were not a party to this arrangement or any negotiations between plaintiff and Driscoll. Plaintiff and the defendants disagree as to the length of time Driscoll authorized the plaintiff to use the heaters. Plaintiff contends that its authority had not expired at the time of the explosion; the defendants contend that the license had terminated. In any event, the heaters were not sold to the plaintiff; title remained in Hunt.

The judge concluded that Insto-Gas had not transacted any business in the State of North Carolina; that its contacts with the State had been too insubstantial to subject it to suit in North Carolina. He quashed the service of summons upon the Secretary of State and dismissed the action as to Insto-Gas. From this ruling, the plaintiff appealed.

*Spruill, Trotter, Biggs & Lane for plaintiff appellant.*
*Battle, Winslow, Merrell, Scott & Wiley for Insto-Gas Corporation defendant appellee.*

SHARP, J.   The plaintiff states in its brief that "unless defendant Insto-Gas Corporation was doing business in the State of North Carolina the service of process upon the Secretary of State is invalid and this Court has no jurisdiction of the defendant." It then argues that if the defendant were transacting business in the State prior to the institution of the action, substituting service upon the Secretary of State in the manner provided by G.S. 55-146 meets the requirements of due process. However, in our view of this case, it is immaterial whether defendant was or was not transacting business in the State of North Carolina. It is, therefore, unnecessary to consider plaintiff's assignments of error relating to the facts found by his Honor or those pertaining to his failure to find other facts tending to establish that Insto-Gas was doing business in North Carolina. The decision in this case turns upon the undisputed facts.

Here the plaintiff is suing a foreign corporation not authorized to transact business in this State to recover damages for an alleged tort which occurred outside of North Carolina. Even if we concede the evidence to establish that Insto-Gas was transacting business in this State, no statute in North Carolina authorizes service upon the Secretary of State in an action against an *undomesticated* foreign corporation doing business in this State for a tort *committed outside this State.*

G.S. 55-143 sanctions a suit here against a foreign corporation *authorized to transact business in this State* by service on the registered agent or on the Secretary of State if there is no such agent, whether or not the cause of action arose in this State and whether or not it relates to business transacted in this State. Since Insto-Gas was not domesticated, this statute obviously has no application to the instant case.

In the summons plaintiff indicated that it was proceeding under G.S. 55-144 which is as follows:

"Whenever a foreign corporation *shall transact business in this State without first procuring a certificate of authority so to do*

from the Secretary of State or after its certificate of authority shall have been withdrawn, suspended, or revoked, then the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand in any suit upon a cause of action *arising out of such business* may be served." (Italics ours).

G.S. 55-144 expressly limits substituted service upon the Secretary of State where the foreign corporation has not domesticated to suits upon a cause of action arising out of business transacted in this State. It provides no jurisdiction here for foreign transitory causes of action. Therefore, even if Insto-Gas were transacting business in this State, it could not be brought into court in North Carolina under this section by service of process upon the Secretary of State in an action based on a tort occurring in Virginia.

The consequence of the statutory limitations particularized above is that a foreign corporation which has complied with Article 10 of Chapter 55 of the General Statutes, and has been duly authorized to do business in North Carolina, may be sued here by substituted service on the Secretary of State on a cause of action arising either inside or outside the State, whereas a foreign corporation which has done business in the State without complying with the law may not be thus brought into court on a transitory foreign action. An action based upon such service may be maintained against an undomesticated foreign corporation only on causes arising within the State. This may seem to be an anomalous situation, but it was no oversight. In Latty, Powers & Breckenridge, The Proposed North Carolina Business Corporation Act, 33 N.C.L. Rev. 26, 53, the draftsmen of the Act themselves state:

"Section 143 contains a provision, which goes considerably beyond the present law, for suits against domesticated foreign corporations. The policy is to treat the foreign corporation which is authorized to transact business in this state just as a domestic corporation is treated, insofar as suability is concerned. If such a corporation fails to appoint or maintain a registered agent in North Carolina, or whenever such agent cannot be found, then the Secretary of State becomes an agent upon whom process may be served. The substituted service provided is not limited to causes of action arising in this state. See Section 143(c) . . . . Express consent to such substituted service is required at the time the foreign corporation domesticates, and such express consent has been held to cure the constitutional difficulty presented by transitory causes of action.

"The present rule as to substituted service on foreign corporations which transact business here without domesticating is pre-

served by Section 144. This provision limits such substituted service to causes of action arising out of business transacted in this state, so that it will not be available for transitory foreign causes of action. The explanation for the paradox that a foreign corporation which fails to comply with the law is treated more generously than the foreign corporation which does domesticate is that the former will have filed no express consent to such substituted service and constitutional problems might be presented in the absence of this limitation."

The statute governing jurisdiction over foreign corporations not transacting business in this State is G.S. 55-145 which, in pertinent part, provides:

"(a) Every foreign corporation shall be subject to suit in this State, by a resident of this State or by a person having a usual place of business in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

"(1) Out of any contract made in this State or to be performed in this State; or

"(2) Out of any business solicited in this State by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the State; or

"(3) Out of the production, manufacture, or distribution of goods by such corporation with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed, or sold or whether or not through the medium of independent contractors or dealers; or

"(4) *Out of tortious conduct in this State,* whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance." (Italics ours).

The plaintiff attempts to bottom its case on subsection (2) above. Incidentally, it is noted that Insto-Gas did not solicit the business which resulted in the death of Parrish; it was solicited by Hunt, through its agent Driscoll. However, the jurisdiction created by G.S. 55-145 pertains only to *local actions.* It has no application to any cause of action arising outside the State. The draftsmen have expressed the purpose of this section as follows:

"Foreign corporations are by Section 145 made subject to local suits by residents of North Carolina in some situations where they have engaged in specified activity giving rise to a cause of action locally, even though they are not so 'transacting business' as to be required to obtain a certificate of authority." Latty, Powers & Breckenridge, *op. cit. supra* at 54.

Situations such as the instant case which involve substituted service upon the Secretary of State must be distinguished from those coming within G.S. 1-97. In the latter case, a suit on a cause of action arising out of the State may be maintained here against an undomesticated foreign corporation *if* personal service can be had within the State upon an *actual agent* of the corporation as defined by the statute. Such was the situation in *Dumas v. R.R.*, 253 N.C. 501, 117 S.E. 2d 426.

The instant case is controlled by *Babb v. Cordell Industries*, 242 N.C. 286, 87 S.E. 2d 513. In *Babb*, plaintiff, a resident of Georgia, brought suit in North Carolina upon a cause of action which arose outside this State against the defendant, a New York corporation which was neither domesticated nor represented by a designated process agent in North Carolina but was doing business here. Summons was served upon the Secretary of State. The court held that the service of process, having been made upon a statutory agent instead of upon an actual agent as required by G.S. 1-97, was a nullity.

Speaking for the Court, *Higgins, J.*, said:

"The question presented, therefore, is whether a suit by a nonresident against a foreign corporation on a cause of action arising outside this State can be maintained in North Carolina, and the defendant brought into court by a service of process on the Secretary of State. That a nonresident has access to the courts of this State is not debatable. That he can sue a foreign corporation is also beyond dispute. But to bring the foreign corporation into court the service of process must be made upon an officer or agent as defined in G.S. 1-97, and in the following cases only: (1) Where it has property in this State; or (2) where the cause of action arose in this State; or (3) where the service can be made personally upon some officer designated in G.S. 1-97."

G.S. 55-145 (then G.S. 55-38.1) became effective on May 20, 1955. The opinion in *Babb* was filed on May 25, 1955 and it is entirely consistent with G.S. 55-144 and G.S. 55-145(a).

It is noted, however, that G.S. 55-143(c) changed the rule laid down in *Motor Lines v. Transportation Co.*, 225 N.C. 733, 36 S.E. 2d 271,

162 A.L.R. 1419; *Hamilton v. Greyhound Corp.*, 220 N.C. 815, 18 S.E. 2d 367; and *King v. Motor Lines*, 219 N.C. 223, 13 S.E. 2d 233.

For the reasons stated in this opinion, the order quashing the service of summons upon the Secretary of State and dismissing the action as to Insto-Gas Corporation is

Affirmed.