The UNITED STATES of America, for the Use of BOB GRIFFIN, and Bob Griffin, Individually, Plaintiff,

v.

ATLANTIC CONTRACTORS, INC., Braxton, Inc., Bob Griffin Company, Continental Casualty Company and American Casualty Company of Reading, Pennsylvania, Defendants.

Civ. No. 922.

United States District Court
E. D. North Carolina,
Wilmington Division.

July 7, 1964.

Hogue & Hill, Wilmington, N. C., for plaintiff.

Falk, Carruthers & Roth, Greensboro, N. C., for defendants.

LARKINS, District Judge.

### SUMMARY

This cause is before the court on three separate motions. Listed in chronological order they are:

1. Motion to quash service of process and to dismiss by defendant Bob Griffin Company.

2. Motion for Summary Judgment by defendants Continental Casualty Company and American Casualty Company.

3. Motion by use plaintiff Bob Griffin to amend his Complaint.

The use plaintiff seeks recovery of $40,477.00 which, he claims, constitutes payment for labor and materials provided by him pursuant to an employment contract in which he entered with the defendant Bob Griffin Company. He alleges that he has fulfilled his contract but has never been paid according to its terms and has been refused payment upon demand of all defendants.

The action is brought under the Miller Act, i. e., Title 40 U.S.C.A. § 270a et seq., and by diversity of citizenship, the amount in controversy being in excess of $10,000.00, exclusive of interest and

costs. The motion to amend the complaint by use plaintiff seeks to assert jurisdiction, in the alternative, within the provisions of Title 28 U.S.C.A. § 1352.

Careful study of the record, briefs, pleadings, and affidavits indicate these

## FINDINGS OF FACT

Atlantic Contractors, Incorporated, of Los Angeles, California, (a corporation now defunct) entered into a written contract with the United States of America through the Department of Navy on or about March 30, 1959. The contract was designated as Housing Contract Number NBy (CH) 7757 and was for construction of a housing project known as the Capehart Housing Project at Camp Lejeune, North Carolina. In accordance with the terms of the contract, Atlantic Contractors, Inc., as principal, and Continental Casualty Company, as surety, executed six (6) Federal Housing Administration payment bonds.

On or about the same day, Atlantic Contractors, Inc., entered into a subcontract with Braxton, Inc., for this same construction work. Braxton, Inc., was a California corporation which is now defunct. Braxton, Inc., sub-contracted with Bob Griffin Company to perform certain roofing and sheet metal work in connection with the Capehart Housing Project. The American Casualty Company provided bond for the Bob Griffin Company on its sub-contract with Braxton, Inc., to insure payment of all labor and materials on said contract.

Bob Griffin Company employed the use plaintiff to supervise and carry out the sub-contract between Braxton, Inc. and the Bob Griffin Company. The plaintiff worked in that capacity from April 1, 1959 until May 20, 1960, at which time the construction was halted. The compensation of use plaintiff under a certain work arrangement was provided for in the written minutes of a meeting of the Board of Directors of Bob Griffin Company held on September 22, 1959, at the company offices in Van Nuys, California. The minutes read as follows:

"It was moved by Smith and seconded by Close that Lawrence offer Robert L. Griffin, Jr., $3,000.00 to cover his salary and expenses for completing the Belvoir project at Alexander, (sic) Va., and setting up the project at Le Jeune, N. C. This payment is to cover his time until Christmas but after that any time or expense he devotes to the projects mentioned is not to be paid for directly but he is to receive one-half the profit from the Le Jeune project over $15,000.00. It is understood the contract price of Le Jeune is $335,000.00."

The use plaintiff has made demand upon Atlantic Contractors, Inc., Braxton, Inc., and the Bob Griffin Company for the amounts allegedly due him. They have failed and refused to make payment. He has further made demand upon Continental Casualty Company and American Casualty Company by reason of the bonds they provided. These companies have failed and refused to pay the amount claimed by the use plaintiff.

## CONCLUSIONS OF LAW

The motion by defendant Bob Griffin Company to dismiss this action, or in lieu thereof to quash the return of service of summons, is based on the grounds (a) that the defendant Bob Griffin Company is a corporation organized under the laws of the State of California, and was not, and is not, subject to service of process within the Eastern District of North Carolina, and (b) that service of process on the defendant Bob Griffin Company in this action was attempted through the Secretary of State of the State of North Carolina who was not a designated or statutory agent for the service of process upon this defendant, and that, therefore, the defendant Bob Griffin Company has not been properly served with process.

The facts indicate that the defendant Bob Griffin Company is a corporation organized under the laws of the State of California. The use plaintiff is a resident and citizen of the Commonwealth of

Virginia. In March or April of 1959 the company entered into a sub-contract with Braxton, Inc. to provide certain roofing and sheet metal work on the Capehart Housing Project at Camp Lejeune, North Carolina. Pursuant to the contract Bob Griffin Company engaged in the work at Camp Lejeune from September 1959 until the 20th of May, 1960, at which time the work was halted. Later the company was required to perform additional protective work after which the work was again halted.

■ The entire contract was performed by the Bob Griffin Company within the confines of the military reservation at Camp Lejeune, North Carolina. The company maintained no office in North Carolina, either on or off the reservation, however, it did purchase materials and supplies in the State which it used in the work at Camp Lejeune. The company has, at no time, engaged in soliciting or advertising or any work in the State of North Carolina other than the roof and sheet metal work on the Capehart Housing Project. Thus, the question presented to the court, under these facts; is the defendant Bob Griffin Company amenable to substituted service of process upon the Secretary of State where the defendant is foreign to and undomesticated in the State of North Carolina, and where its only contact with the State has been the performance of a contract within the confines of a federal military reservation?

Since this question arises between a foreign corporation and a non-resident of North Carolina, the only applicable statute is Section 55–144 of the General Statutes of North Carolina. That statute provides as follows:

"Whenever a foreign corporation shall transact business in this State without first procuring a certificate of authority so to do from the Secretary of State or after its certificate of authority shall have been withdrawn, suspended, or revoked, then the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand in any suit upon a cause of action arising out of such business may be served."

Rule 4(d) (7), Federal Rules of Civil Procedure provides that service on a foreign corporation " * * * is also sufficient if the summons and complaint are served * * * in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

■ The point raised by the statute is whether or not the defendant was doing or transacting business within the State before the action was begun. If not, the service of summons would be invalid under the State laws and would be violative of the due process clause of the United States Constitution. See Worley's Beverages, Inc. v. Bubble Up Corporation, 167 F.Supp. 498 (E.D.N.C.1958).

The case which established the standard to be applied in this area of the law is International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The Court stated, at page 316, at page 158 of 66 S.Ct., that, " * * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " The Court made this further statement:

" 'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. * * * Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of

activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. \* \* \* To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process."

In Farmer v. Ferris, 260 N.C. 619, 625, 133 S.E.2d 492, 497 (1963), the North Carolina Supreme Court made this comment:

"Whether the type of activity conducted within the State is adequate to satisfy the requirements depends upon the facts of the particular case. \* \* \* It seems, according to the most recent decisions of the United States Supreme Court, that the question cannot be answered by applying a mechanical formula or rule of thumb, but by ascertaining what is fair and reasonable and just in the circumstances. In the application of this flexible test, a relevant inquiry is whether defendant engaged in some act or conduct by which it may be said to have invoked the benefits and protections of the law of the forum. \* \* \* "

In applying the "minimum contacts" rule and determining what is fair and reasonable we must consider the facts before us. The defendant Bob Griffin Company was not and has not been engaged in activities of a "continuous and systematic" nature in North Carolina. It does not appear that the defendant had been in North Carolina before this time for any purpose. It had not promoted itself, solicited, or advertised in North Carolina. The contract it had entered into at Los Angeles, California, was for certain construction work on housing projects at Camp Lejeune. Later it entered into a personal employment contract in Los Angeles, California, with use plaintiff for supervisory services to be rendered on the

job at Camp Lejeune. The only contact which defendant Bob Griffin Company had with the State of North Carolina was the purchasing of certain materials and supplies off the military base. Such a limited contact would not come within the rule of minimum contacts. For the court to confer jurisdiction over the defendant in this case would offend the "traditional notions of fair play and substantial justice." To sustain jurisdiction would deny defendant the protection of the due process clause. Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., 239 F.2d 502 (4th C.C.A.1956); Babb v. Cordell Industries, Inc., 242 N.C. 286, 87 S.E.2d 513 (1955); Putnam v. Triangle Publications, Inc., 245 N.C. 432, 96 S.E.2d 445 (1957).

The court now turns to consider the motion for summary judgment filed by the defendants Continental Casualty Company and American Casualty Company.

Before summary judgment can be rendered by the court the evidence, as reflected by the pleadings, depositions, answers to interrogatories, admissions and affidavits, must show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. The pleadings will be construed liberally in favor of the party against whom the motion exists and the court will accept the allegations of the complaint as true. Purity Cheese Co. v. Frank Ryser Co., 153 F.2d 88 (7th C.C.A.1946); Furton v. City of Menasha, 149 F.2d 945 (7th C.C.A.1945), certiorari denied 326 U.S. 771, 66 S.Ct. 176, 90 L.Ed. 466.

■ With these criteria to follow the court is of the opinion that the motion for summary judgment should be denied. The amount which the use plaintiff alleges is due him is claimed to be payment for labor and materials he furnished on the job pursuant to an employment contract with Bob Griffin Company. He alleges further that the defendants Continental Casualty Company and American

**360**

Casualty Company provided payment bonds under the principal contract and the sub-contract respectively, and that within the provisions of the bonds these defendants are obligated to pay the use plaintiff for the labor and materials he provided. The argument of these defendants is that this is not an action for labor and materials within the scope and extent of the bonds, but is simply for a breach of contract for which recovery of profits is sought. It appears then, that a genuine issue as to a material fact does exist, to wit, did the use plaintiff provide labor and materials for the construction work at Camp Lejeune, North Carolina pursuant to an employment contract with Bob Griffin Company and, if so, do such labor and materials come within the purview of the bonds posted by Continental Casualty Company and American Casualty Company on the contracts involved? The pleadings also raise an issue as to whether or not the employment contract under which the use plaintiff claims to have supplied labor and materials is the same contract offered to him by Bob Griffin Company as indicated by the minutes of the meeting of the company's Board of Directors on September 22, 1959.

These are real issues relating to important facts within this case and it is necessary for the court and jury to have the benefit of evidence and testimony at the trial in order to make a full determination thereon.

The motion by the use plaintiff to amend Paragraph Five of the Complaint to allege in the alternative that jurisdiction of this action is conferred by virtue of 28 U.S.C.A. § 1352 is not opposed by the defendants. Therefore, the court, within its discretion, will allow it.

### ORDER

Therefore, it is ordered that the motion to dismiss this action as to the defendant Bob Griffin Company be, and the same is allowed.

It is further ordered that the motion for summary judgment filed on behalf of Continental Casualty Company and American Casualty Company of Reading, Pennsylvania be, and the same is hereby denied.

It is further ordered that the motion of the use plaintiff to amend the complaint be, and the same is hereby allowed.

It is further ordered that the Clerk serve a copy of this opinion and order upon all counsel of record.