MARSHVILLE RENDERING CORPORATION v. GAS HEAT ENGI-
NEERING CORPORATION, RAY BURNER COMPANY, AND BOYD
KEZIAH

No. 7026SC218

(Filed 16 December 1970)

1. Sales § 2; Process § 14— cause of action arising in another state —
   nonresident corporate defendant — substituted service of process on
   Secretary of State — G.S. 55-145(a)

   Plaintiff's alleged cause of action against a nonresident manufac-
   turer of a boiler feed unit for either breach of implied warranty or
   negligence arose in Pennsylvania when sale of the feed unit to an
   independent North Carolina dealer was completed in that state by its
   delivery to a common carrier for shipment to the dealer f.o.b. Lancaster,
   Pennsylvania, not when the unit exploded in plaintiff's plant in this
   State; consequently, where defendant manufacturer was neither domes-
   ticated nor represented by a designated process agent in North Caro-
   lina, it could not be brought into court in plaintiff's action by substi-
   tuted service of process on the Secretary of State under G.S. 55-145(a).

2. Courts § 2; Limitation of Actions § 4— when cause of action arises —
   statute of limitations — jurisdiction of court

   The rules for determining when a cause of action arises for pur-
   poses of the statute of limitations also apply in determining when a
   cause of action arises for the purpose of determining jurisdiction.

APPEAL by defendant Ray Burner Company from *Copeland,
Special Judge,* 1 December 1969 Schedule "D" Civil Session,
MECKLENBURG Superior Court.

Plaintiff, a North Carolina corporation, instituted suit
against Gas Heat Engineering Corporation (Gas Heat), a North
Carolina corporation; Boyd Keziah, a resident of North Caro-
lina; and Ray Burner Company (Ray Burner), a Nevada corpo-
ration with an office in California which is not authorized to
do business in North Carolina and has never designated a
process agent in this State. Plaintiff seeks to recover property
damages sustained when a boiler feed unit exploded in its plant.
The boiler feed unit was installed by Gas Heat and Boyd Keziah.
The tank which constituted the main container of the boiler
feed unit was manufactured by the Roy E. Roth Company of
Rock Island, Illinois, not a party to the suit. It was purchased
by Ray Burner and incorporated into the boiler and boiler feed
unit by Ray Burner. The boiler feed unit was then sold by
Ray Burner to Gas Heat. The entire boiler feed unit, with all
its accessory pipes and pumps and valves and controls, was
then installed and put into operation in plaintiff's plant by Gas

Heat and Boyd Keziah. After the boiler feed unit had been in operation for several months, the tank exploded under steam pressure, wrecking the tank and plaintiff's processing plant.

For its first cause of action, plaintiff alleged breach of warranty "in delivering and assembling and installing the boiler feed unit, including the tank" in eleven particulars and for its second cause of action, plaintiff alleged negligence of defendants proximately causing its injury in eleven particulars.

Defendant Ray Burner appeared specially and moved to dismiss, on the grounds that service of summons for it on the Secretary of State was not sufficient to subject it to the jurisdiction of the court. The court heard the motion upon the affidavits submitted by plaintiff and defendant Ray Burner. From an order entered denying the motion to dismiss, defendant Ray Burner appealed.

*Helms, Mulliss & Johnston, by E. Osborne Ayscue, Jr., for plaintiff appellee.*

*Kennedy, Covington, Lobdell & Hickman, by W. T. Covington, Jr., for defendant Ray Burner Company appellant.*

MORRIS, Judge.

The appellant excepts to certain of the findings of fact and conclusions of law made by the court and assigns them as error. It also assigns as error the failure of the court to adopt findings of fact and conclusions of law tendered by it.

The court found as facts that "the sales by Ray Burner to North Carolina dealers are accepted outside of the State and payment is received by Ray outside of State," and that "the particular shipment involved in this suit was shipped by Ray Boiler *(sic)* Company from Lancaster, Pennsylvania, to Marshville, North Carolina, where the plaintiff is located, for delivery there to Gas Heat Engineering Corporation, the dealer." The evidence reveals that Gas Heat is an independent dealer with no authority to act for Ray in North Carolina. All orders for merchandise sold by Ray Burner to Gas Heat were accepted outside of North Carolina and shipments of merchandise were made to Gas Heat by means of common carriers, f.o.b., outside North Carolina. The boiler feed unit involved in this litigation was ordered by Gas Heat from Ray Burner by written order of Gas Heat dated 22 October 1965; received by Ray Burner in

San Francisco, California, 25 October 1965. The order was accepted in California and the contract of sale made in California. Ray Burner then ordered the unit from Roy E. Roth Company for shipment from the Roth plant in Illinois to the Ray Burner plant in Lancaster, Pennsylvania. Thereafter, Ray Burner, without opening the crate, delivered the crate containing the boiler feed unit to Moss Trucking Company of Charlotte, North Carolina, for delivery to Gas Heat, freight collect, at Marshville, North Carolina. There is no allegation that Ray Burner participated in any fashion in the installation of the unit.

Among the findings and conclusions of the court denominated as findings of fact are the following:

"7.   The alleged wrong to the plaintiff took place in North Carolina where the explosion, the natural consequence of improper construction, assembly, shipment, and installation of the unit occurred." and

"8.   The service of process upon the defendant Ray Burner was proper under sections 55-145 and 55-146 of the North Carolina General Statutes and its application to this defendant is proper under sections 55-145(a)(2), (3) and (4) of the North Carolina General Statutes, the Constitution of the United States and the Constitution of North Carolina."

G.S. 55-145 provides:

"(a)   Every foreign corporation shall be subject to suit in this State, by a resident of this State or by a person having a usual place of business in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

(1)   Out of any contract made in this State or to be performed in this State; or

(2)   Out of any business solicited in this State by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the State; or

(3)   Out of the production, manufacture, or distribution of goods by such corporation with the reasonable

expectation that those goods are to be used or consumed in this State and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed, or sold or whether or not through the medium of independent contractors or dealers; or

(4)     Out of tortious conduct in this State, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

Fundamental to a determination of the question presented here is a determination of whether G.S. 55-145 can be applied to the facts of this case to bring defendant Ray Burner under the jurisdiction of the court.

In *R.R. v. Hunt & Sons, Inc.*, 260 N.C. 717, 133 S.E. 2d 644 (1963), Justice Sharp, speaking for a unanimous Court, said:

"The jurisdiction created by G.S. 55-145 pertains only to *local actions*. It has no application to any cause of action arising outside the State. The draftsmen have expressed the purpose of this section as follows:

'Foreign corporations are by Section 145 made subject to local suits by residents of North Carolina in some situations where they have engaged in specified activity giving rise to a cause of action locally, even though they are not so "transacting business" as to be required to obtain a certificate of authority.' Latty, Powers & Breckenridge, *op. cit. supra* at 54."

In *Hunt*, plaintiff, a corporation doing business in North Carolina, sued Hunt, a domestic corporation; Driscoll, a North Carolina resident and salesman for Hunt; and Insto-Gas Corporation, a Michigan corporation, not authorized to do business in North Carolina and with no process agent in North Carolina. Plaintiff sought indemnity from defendants for the amount it paid the estate of a deceased employee, Parrish, for his wrongful death in settlement of a claim under the Federal Employers' Liability Act. Parrish received fatal injuries at plaintiff's yard near Portsmouth, Virginia, when a gas heater, manufactured by Insto-Gas and furnished plaintiff by Hunt through its agent, Driscoll, exploded.

Justice Sharp cited *Babb v. Cordell Industries*, 242 N.C. 286, 87 S.E. 2d 513 (1955), as controlling. There a resident of Georgia brought suit in North Carolina against a New York corporation on a cause of action arising outside North Carolina. There Justice Higgins, for the Court, said that although there can be no doubt but that a nonresident has access to the courts of this State and can sue a foreign corporation, nevertheless "to bring the foreign corporation into court the service of process must be made upon an officer or agent as defined in G.S. 1-97, and in the following cases only: (1) Where it has property in this State; or (2) where the cause of action arose in this State; or (3) where the service can be made personally upon some officer designated in G.S. 1-97." In *Hunt*, Justice Sharp noted that "G.S. 55-145 (then G.S. 55-38.1) became effective on May 20, 1955. The opinion in *Babb* was filed on May 25, 1955 and it is entirely consistent with G.S. 55-144 and G.S. 55-145(a)."

We are aware that there is some authority in this State for the proposition that any one of the subdivisions of G.S. 55-145(a) is valid as the sole basis for granting jurisdiction. In *Byham v. House Corp.*, 265 N.C. 50, 143 S.E. 2d 225 (1965), an action for rescission of a contract was brought against a foreign corporation. The contract was executed by plaintiff in North Carolina, accepted by defendant in Tennessee, and was to be performed in North Carolina. There the Court said that subsection (1) was satisfied and found that the assumption of jurisdiction did not offend the due process clause of the Constitution of the United States. In *Shepard v. Mfg. Co.*, 249 N.C. 454, 106 S.E. 2d 704 (1959), defendant was a foreign corporation which manufactured gas hot water heaters. It had agents residing in and working in North Carolina and shipped large quantities of its appliances into North Carolina with the reasonable expectation that they would be used in the homes of the people of this State. Its sales contracts were accepted outside North Carolina. Plaintiff was injured when one of the heaters exploded. The Court said: "Manifestly, therefore, upon the undisputed facts, the cause of action arises out of activities described in G.S. 55-145(a)(3)." The Court went on to hold that the minimum contracts requirement was satisfied so that the due process clause was not offended. In *Painter v. Finance Co.*, 245 N.C. 576, 96 S.E. 2d 731 (1957), suit was brought against a foreign corporation for damages resulting from the wrongful taking of her automobile without legal process. The

act occurred in North Carolina. Defendant moved to quash service for lack of jurisdiction. The Court said: "The allegations of the complaint and the crucial findings of fact made by the court below disclose that the plaintiff's cause of action arose out of defendant's tortious conduct committed in this State. This suffices under G.S. 55-38.1 to render the defendant amenable to the jurisdiction of the Superior Court of Buncombe County." The Court further said that in this view of the case it was unnecessary for the court to determine whether defendant was "doing business in the State of North Carolina."

The *Byham* and *Shepard* opinions, both decided after *Babb* and prior to *Hunt,* do not cite nor discuss *Babb*. Neither *Byham* nor *Shepard* is cited or discussed in *Hunt*. In *Painter,* the cause of action arose in North Carolina.

[1]  In line with *R.R. v. Hunt & Sons, Inc., supra,* apparently the most recent pronouncement of our Supreme Court on the particular question involved here, it becomes necessary to determine whether the plaintiff's alleged cause of action arose in North Carolina.

Gas Heat's order for the tank was received and accepted by Ray Burner in California. The sale was completed and title passed from Ray Burner to Gas Heat when the unit was delivered to a common carrier for shipment to Gas Heat, f.o.b. Lancaster, Pennsylvania. The general rule is that under a contract of sale providing for a sale f.o.b. the point of shipment, the carrier is the agent of the purchaser, and title passes upon delivery to the carrier. *Peed v. Burleson's, Inc.,* 244 N.C. 437, 94 S.E. 2d 351 (1956) ; *Hunter v. Randolph,* 128 N.C. 92, 38 S.E. 288 (1901) ; 6 Strong, N. C. Index 2d, Sales, § 2, p. 693.

We conclude that the alleged cause of action against Ray Burner for either breach of warranty or negligent manufacture occurred when the sale was made—not when the damage was sustained. The sale was completed in Pennsylvania and any cause of action against it arose there at the time the unit was delivered to the common carrier. See *Motor Lines v. General Motors Corp.,* 258 N.C. 323, 128 S.E. 2d 413 (1962), and *Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1 (1965). The cause of action having arisen outside of North Carolina, jurisdiction of Ray Burner cannot be obtained under G.S. 55-145 (a) under authority of *R.R. v. Hunt & Sons, Inc., supra,* which is controlling.

**[2]**  Plaintiff contends, however, that the rules for determining when a cause of action arises for purposes of the statute of limitations should not apply to questions of jurisdiction. Plaintiff cites no authority for this position, nor can we subscribe thereto. A cause of action arises only once. It would, in our opinion, be an anomalous position to say that a cause of action could arise at one time and place for purposes of the statute of limitations and at another time and place for the purpose of determining jurisdiction.

Neither are we inadvertent to *Farmer v. Ferris,* 260 N.C. 619, 133 S.E. 2d 492 (1963), relied upon by plaintiff. There plaintiff sought to recover for personal injuries sustained when a mechanical swing or ride known as "Merry Mixer" collapsed, due to a defective weld, and plaintiff was thrown from her seat to the ground. Defendant King Amusement Company was a foreign corporation, not domesticated in North Carolina, not authorized to do business in this State, and without a process agent in this State. The individual defendants purchased the ride from King as the result of an advertisement read by them at Carolina Beach. The ride was delivered at Carolina Beach by an employee of King in a truck owned by King. The individual defendants executed a conditional sales contract which was recorded in New Hanover County. The language relied on by defendant is: "The alleged wrong in the instant case did not originate in the conduct of a servant or agent of appellant present in North Carolina, but arose instead from acts performed where appellant did the aforesaid welding. Only the consequences to plaintiff occurred in North Carolina. It is apparently well established, however, that in law the place of a wrong is in the State where the last event takes place which is necessary to render the actor liable for an alleged tort. Restatement, Conflict of Laws, sec. 377; *Gray v. American Radiator and Standard Sanitary Corp.,* 22 Ill. 2d 432, 176 N.E. 2d 761." The Court held the defendant King amenable to process under G.S. 55-145(a). The Court did not cite nor discuss *Thurston* and *Jewell.* Neither was *Farmer v. Ferris* cited nor discussed in *R.R. v. Hunt & Sons, Inc.,* handed down eight days later. However, we do not perceive any inconsistencies. The sale of the equipment was completed in North Carolina. Under *Thurston* and *Jewell* the last event necessary to render the actor liable occurred in North Carolina—the completed sale of the equipment. The cause of action was a cause of action arising

in this State and the statute was applicable under *R.R. v. Hunt & Sons, Inc., supra.*

In our view of the case, the conclusions of law of the trial court that the alleged wrong to plaintiff took place in North Carolina where the consequences of the tort occurred and that the service of process upon Ray Burner was proper are erroneous. The motion to quash should have been allowed and the action dismissed as to Ray Burner.

We, therefore, do not discuss the question of whether Ray Burner had sufficient contacts with North Carolina so that the due process clause would not preclude the application of the statute. Suffice it to say that we are of the opinion that, were the statute applicable, the assumption of *in personam* jurisdiction of Ray Burner by the North Carolina court, pursuant to G.S. 55-145(a), would not offend the due process clause of the Constitution of the United States.

Reversed.

Chief Judge MALLARD and Judge VAUGHN concur.